THE STATE, EX REL. REEVES, APPELLANT, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Reeves, *v.* Indus. Comm. (1990),
53 Ohio St. 3d 212.]

(No. 89-311—Submitted June 5, 1990—Decided August 29, 1990.)

*Mary Jo Cusack,* for appellant.

*Edward J. Opett* and *Dan T. Pribich,* for appellee Greater Cleveland Regional Transit Authority.

*Anthony J. Celebrezze, Jr.,* attorney general, *Jenice R. Golson* and *Michael L. Squillace,* for appellee Industrial Commission.

*Per Curiam.* In asserting an abuse of discretion, appellant cites contrary medical evidence and the commission's failure to determine whether the physical incapacity cited in the RTA discharge slip was related to the allowed condition. However, because appellant failed to pursue an adequate remedy at law, we find it unnecessary to address these claims.

An available administrative remedy precludes mandamus. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225; *State, ex rel. Schindel,* v. *Rowe* (1971), 25 Ohio St. 2d 47, 54 O.O. 2d 173, 266 N.E. 2d 569. Appellant received temporary total disability compensation from May 7, 1985 to February 4, 1986. She alleges that she was temporarily and totally disabled from February 4, 1986 through April 1, 1987. She thus claims one continuous period of disability from May 7, 1985 through April 1, 1987. This continuum was broken initially by the February 27, 1986 order of the district hearing officer, not the June 10, 1987 final denial of appellant's application to reactivate. Appellant could have, but did not, appeal the earlier order which had refused to extend compensation over the period at issue.

We stress that this case is distinguishable from one in which a new period of disability is being alleged pursuant to the continuing jurisdiction provisions of R.C. 4123.52. The effect of reactivating appellant's claim here, however, in light of the single period of disability involved, would be to circumvent her failure to appeal the denial of compensation by reinstating compensation as of the prior termination date.

For the reasons stated above, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.