[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 364.]

THE STATE EX REL. JUSTUS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Justus v. Indus. Comm.*, 1998-Ohio-77.]

*Workers' compensation—Industrial Commission does not abuse its discretion in denying claimant's application for wage-loss compensation, when— Former R.C. 4123.68(W), construed and applied.*

(No. 96-2745—Submitted July 15, 1998—Decided October 14, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD08-998.

_____

{¶ 1} Appellant-claimant, David E. Justus, was employed as a fire fighter for the city of Circleville. In 1990, he alleged that he had contracted an occupational disease in the course of his employment. Appellee, Industrial Commission of Ohio, allowed a workers' compensation claim for "chronic obstructive pulmonary disease with chronic bronchitis." The allowance order also indicated that claimant's "condition is permanent and that he will never be able to return to his former position of employment."

{¶ 2} In 1992, claimant moved for change-of-occupation benefits pursuant to R.C. 4123.57(E). A district hearing officer granted claimant's motion and also verified that claimant had been self-employed over the period in question.

{¶ 3} In 1994, claimant applied for wage-loss compensation pursuant to R.C. 4123.56(B), alleging that over the period of self-employment, he had earned less than he had as a fire fighter. A staff hearing officer denied claimant's application, citing R.C. 4123.68(W).

{¶ 4} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying wage-loss compensation. The court of appeals disagreed and denied the writ.

**{¶ 5}** This cause is now before this court upon an appeal as of right.

_____

*Dean G. Reinhard Co., L.P.A.*, and *Charles Zamora*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee.

_____

*Per Curiam***.**

**{¶ 6}** One issue is presented:  Did the commission abuse its discretion in denying claimant's application for wage-loss compensation?  Upon review, we find that it did not.

**{¶ 7}** Former R.C. 4123.68(W) read at the time relevant herein:

"Cardiovascular, pulmonary, or respiratory diseases incurred by fire fighters or police officers following exposure to heat, smoke, toxic gases, chemical fumes and other toxic substances:  Any cardiovascular, pulmonary, or respiratory disease of a fire fighter or police officer caused or induced by the cumulative effect of exposure to heat, the inhalation of smoke, toxic gases, chemical fumes and other toxic substances in the performance of his duty shall constitute a presumption, which may be refuted by affirmative evidence, that such occurred in the course of and arising out of his employment. * * *

" * * *

"Compensation on account of cardiovascular, pulmonary, or respiratory diseases of fire fighters and police officers are [*sic*] payable only in the event of temporary total disability, permanent total disability, or death, in accordance with sections 4123.56, 4123.58, or 4123.59 of the Revised Code."  141 Ohio Laws, Part I, 779-780.

**{¶ 8}** R.C. 4123.68(W) is not ambiguous. It clearly identifies the types of compensation payable to fire fighters with respiratory conditions.  Wage-loss compensation is conspicuously absent.

**{¶ 9}** Claimant suggests that the reference in R.C. 4123.68(W) to R.C. 4123.56—which in addition to temporary total disability compensation also addresses eligibility for wage-loss benefits—evinces a clear legislative intent to make wage-loss benefits payable. We, however, find that the clearest statement of the General Assembly's intent lies in its express enumeration of the compensation payable. Had the General Assembly desired to include wage-loss compensation, it could have so stated.

**{¶ 10}** Claimant also argues that R.C. 4123.57(E), by authorizing change-of-occupation benefits to fire fighters with pulmonary disease, opens the door to all forms of disability compensation to this class of claimants, including wage-loss compensation. We again disagree. R.C. 4123.57(E), *by its own terms*, specifically applies to fire fighters who have contracted the requisite occupational disease. This enactment cannot serve to totally negate the express limitation of R.C. 4123.68(W).

**{¶ 11}** Claimant further alleges that R.C. 4123.68(W) violates equal protection. R.C. 4123.56(B), the wage-loss compensation statute, contains no language that identifies specific classes of claimants to whom benefits are or are not payable. Nevertheless, in selecting among the types of compensation to be paid to *fire fighters with pulmonary conditions*, the General Assembly made a deliberate decision in R.C. 4123.68(W) to exclude wage-loss compensation. Claimant alleges that this exclusion violates equal protection. We reject this contention based on our decisions in *State ex rel. Buckeye Internatl. v. Indus. Comm.* (1982), 70 Ohio St.2d 200, 24 O.O.3d 294, 436 N.E.2d 533, and *State ex rel. Lewis v. Diamond Foundry Co.* (1987), 29 Ohio St.3d 56, 29 OBR 438, 505 N.E.2d 962. Those decisions held that equal protection was not violated by R.C. 4123.68(Y)—a statute which, as here, limits the compensation payable to claimants suffering from certain respiratory occupational diseases to total disability and death benefits.

**{¶ 12}** Claimant also alleges that R.C. 4123.68(W) offends due process because it violates "principles of fundamental fairness." Claimant's disagreement

with the legislative mandate and the perceived unfairness that he believes results, however, is not the standard for establishing a due process violation. Claimant's argument, accordingly, lacks merit.

{¶ 13} The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————