[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 402.]

THE STATE EX REL. MILLER, APPELLANT, *v*. CITY OF PARMA ET AL., APPELLEES.

[Cite as *State ex rel. Miller v. Parma*, 2002-Ohio-889.]

*Workers' compensation—R.C. 4123.68(W) as applied to firefighters does not violate Equal Protection Clause.*

(No. 00-2036—Submitted September 18, 2001—Decided March 6, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-1173.

_____

*Per Curiam.*

{¶ 1} Appellant-claimant, Linden E. Miller, was a firefighter for appellee city of Parma, whose workers' compensation claim had been allowed for primary myocardial disease. In 1995, he applied for determination of his percentage of permanent partial disability ("PPD"). The administrator for appellee Bureau of Workers' Compensation ("BWC"), in a tentative order, awarded a twenty-nine percent permanent partial disability based on the medical evidence. No objection was made to the order, and payment of approximately $7,000 followed.

{¶ 2} Three and one-half years later, the BWC referred the claim to appellee Industrial Commission of Ohio, so that it could exercise its continuing jurisdiction to reopen the case, vacate claimant's PPD award, and declare an overpayment. The BWC alleged that payment constituted a mistake of law under R.C. 4123.68(W), which prohibits PPD compensation to firemen with cardiovascular or pulmonary diseases. The commission vacated the award and declared the amount overpaid.

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, seeking to compel the vacation of the overpayment order on the ground that R.C. 4123.68(W) as applied to firefighters violated equal protection. The commission responded with a motion to dismiss, asserting that the complaint

was really a declaratory judgment action that could be brought only in the court of common pleas. The court of appeals agreed and dismissed the case, prompting claimant's appeal to this court as of right.

{¶ 4} Claimant seeks a writ of mandamus that reinstates his PPD award because R.C. 4123.68(W) is unconstitutional. He therefore requests that this matter be remanded to the court of appeals for a decision on the merits. We deny that request.

{¶ 5} The commission's assertion that claimant has failed to state a claim upon which relief can be granted is convincing. We have already held that R.C. 4123.68(W) does not violate equal protection. *State ex rel. Justus v. Indus. Comm.* (1998), 83 Ohio St.3d 364, 700 N.E.2d 1. Claimant, therefore, could not—and cannot now—successfully assert a claim of unconstitutionality in the court below.

{¶ 6} The judgment of the court of appeals is affirmed.

*Judgment affirmed*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Kendis & Associates Co., L.P.A*., and *Rachel B. Jaffy*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Stephen D. Plymale*, Assistant Attorney General, for appellees Bureau of Workers' Compensation and Industrial Commission.

*Anthony J. Bondra*, for appellee city of Parma.

_____