DECISION
{¶ 1} Relator, Tereal A. Buckley, commenced this original action requesting a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying her September 21, 2001 motion to reset her average weekly wage ("AWW") on grounds that her motion was barred by the doctrine of res judicata, and to enter an order adjudicating the merits of her motion.
 {¶ 2} Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In that decision, the magistrate recommended that, because relator failed to exhaust her administrative remedy by failing to timely appeal the temporary total disability award, mandamus relief should be denied for failure to pursue an adequate administrative remedy.
 {¶ 3} Relator has filed objections to the magistrate's decision arguing that the magistrate based his decision on an issue of law not raised by the parties (i.e., whether relator had an adequate remedy at law). Relator contends that the commission conceded this issue in its answer. However, the pleadings reflect that the commission merely admitted relator's assertion that the order in question was not appealable to the common pleas court pursuant to R.C. 4123.519 and, in that sense, relator had no adequate remedy at law. Nevertheless, it is well-established that the failure to pursue an administrative remedy bars mandamus relief. State ex rel. Leyendecker v. Duro Test Corp. (1999),87 Ohio St.3d 237; State ex rel. Reeves v. Indus. Comm. (1990),53 Ohio St.3d 212. In the case at bar, relator could have appealed the order to a commission hearing officer if she was dissatisfied with the wage as set. Relator chose not to appeal and, therefore, is not entitled to relief in mandamus.
 {¶ 4} Following an independent review of this matter, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and overrule relator's objections. In accordance with the magistrate's recommendation, we deny the requested writ of mandamus.
Objections overruled, writ of mandamus denied.
PETREE, P.J., and BROWN, J., concur.
 IN MANDAMUS {¶ 5} In this original action, relator, Tereal A. Buckley, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her September 21, 2001 motion to reset her average weekly wage ("AWW") on grounds that her motion is barred by the doctrine of res judicata, and to enter an order adjudicating the merits of her motion.
Findings of Fact:
 {¶ 6} 1. On July 12, 2001, relator filed an application for workers' compensation benefits. Apparently, the application alleged that the injury occurred on July 4, 2001, while relator was employed with respondent Dayton Brewing Corp., Inc., a state fund employer.
 {¶ 7} 2. On July 20, 2001, the Ohio Bureau of Workers' Compensation ("bureau") mailed an order allowing the claim and awarding temporary total disability ("TTD") compensation beginning July 5, 2001. The bureau's order also set relator's full weekly wage ("FWW") and her AWW. FWW and AWW determine the rate of TTD compensation to be paid.
 {¶ 8} 3. The bureau's July 20, 2001 order further states:
 {¶ 9} "BWC law requires a 14-day period for the injured worker or employer to appeal this order. However, if the injured worker and the employer agree with this decision, the 14-day appeal period may be waived by both parties submitting a waiver in writing to the listed BWC customer service office.
 {¶ 10} "If the injured worker or the employer disagrees with this decision, either may file an appeal within 14-days of receipt of this order. * * *
 {¶ 11} "IF AN APPEAL IS NOT RECEIVED WITHIN 14-DAYS, THIS
DECISION IS FINAL." {¶ 12} 4. Relator did not appeal the bureau's order.
 {¶ 13} 5. On September 21, 2001, relator moved that her AWW be reset "at the statewide minimum of $206.00 based on my special circumstances and to do substantial justice to me." Relator claimed in her affidavit that she had been a full-time student at Wright State University and thus was only able to work part-time for respondent.
 {¶ 14} 6. Following a January 2, 2002 hearing, a district hearing officer ("DHO") issued an order denying the motion. The DHO's order states:
 {¶ 15} "By unappealed Bureau of Workers' Compensation order dated 07/20/2001, both the average weekly wage and the full weekly wage were set. The Hearing Officer finds that the claimant's present request to reset both is barred by the doctrine of res judicata."
 {¶ 16} 7. Relator administratively appealed the DHO's order of January 2, 2002. Following a February 8, 2002 hearing, a staff hearing officer ("SHO") issued an order affirming the DHO's order. The SHO's order further states:
 {¶ 17} "It is the finding of the Staff Hearing Officer that the claimant failed to appeal the Bureau of Worker's Compensation order dated 7-20-01, which set the full weekly wage and the average weekly wage. Therefore, the issue is res judicata."
 {¶ 18} 8. On March 1, 2002, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of February 8, 2002.
 {¶ 19} 9. On May 3, 2002, relator, Tereal A. Buckley, filed this mandamus action.
Conclusions of Law:
 {¶ 20} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 21} Mandamus will not issue where the relator has a plain and adequate remedy at law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28. An adequate administrative remedy also bars mandamus relief. State ex rel. Leyendecker v. Duro Test Corp. (1999),87 Ohio St.3d 237.
 {¶ 22} The bureau's order mailed July 20, 2001, correctly warns that the employer or claimant may appeal the order within 14 days after the date of the receipt of the order. R.C. 4123.511(B)(1). Had there been a timely appeal, the appeal would have been heard by a DHO. R.C. 4123.511(C).
 {¶ 23} The magistrate finds that relator's failure to appeal the bureau's July 20, 2001 order was a failure to pursue a plain and adequate remedy at law which bars this mandamus action. This conclusion is compelled by the Leyendecker case which is factually similar to this case.
 {¶ 24} Contrary to relator's contention here, this court's decision in Greene v. Conrad (1997), Franklin App. No. 96AP-1780, does not compel a different result.
 {¶ 25} In Greene, this court determined that a bureau order that the claimant failed to appeal was not an adjudication of a workers' compensation claim and thus the doctrine of res judicata did not preclude the commission from adjudicating the merits of the claimant's subsequently filed claim. In Greene, this court extensively discusses the doctrine of res judicata.
 {¶ 26} Unlike the instant mandamus action, the Greene case was an appeal from a judgment of the common pleas court. The issue before this court in Greene was whether the common pleas court correctly determined that the bureau's first order did not have a preclusive effect upon the claimant's second application for workers' compensa-tion benefits. The claimant's failure to pursue a plain and adequate remedy at law was not an issue before this court in Greene. Thus, the Greene case is distinguishable.
 {¶ 27} The issue here is not whether the commission correctly applied the doctrine of res judicata to bar a decision on the merits of relator's motion for an AWW adjustment. The issue here in mandamus is whether relator's failure to appeal the bureau's July 20, 2001 order constitutes a failure to pursue an adequate administrative remedy that bars this mandamus action. Finding that relator's failure to appeal the bureau's order is a failure to pursue an adequate administrative remedy, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. Leyendecker, supra.
 {¶ 28} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.