THE STATE EX REL. HOLIDAY, APPELLANT, v. INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Holiday v. Indus. Comm.*,
98 Ohio St.3d 472, 2003-Ohio-2060.]

(No. 2002–0497—Submitted April 16, 2003—Decided May 7, 2003.)

**Per Curiam.**

{¶ 1} Appellant-claimant, Barbara Holiday, has an allowed workers' compensation claim arising from a 1995 industrial injury she sustained while working for appellee Warrensville Developmental Center. On February 23, 1998, a district hearing officer for appellee Industrial Commission of Ohio ruled on whether to continue temporary total disability compensation ("TTC"). The district hearing officer found that claimant had reached maximum medical improvement and terminated TTC as of November 13, 1997, based on a report prepared by Dr. Carl D. Metz on that date. Claimant did not appeal.

{¶ 2} In January 1999, the commission—pursuant to the newly released decision in *State ex rel. Russell v. Indus. Comm.* (1998), 82 Ohio St.3d 516, 696 N.E.2d 1069—sua sponte modified its February 1998 order, changing the date of

termination from the date of Dr. Metz's letter to the date of the district hearing officer's hearing. Again, claimant did not appeal.

{¶ 3} Four months later, claimant's newly retained legal counsel moved to recommence TTC as of its termination date, claiming that Dr. Metz had not signed his report. Dr. Metz's office, upon request, promptly faxed a signed copy of the report to the commission, apologizing for the oversight. A district hearing officer then denied claimant's motion:

{¶ 4} "Claimant did not raise the issue of defective medical reports due to lack of signature at the time of the 02/23/1998 maximum medical improvement determination. The issue is now before the District Hearing Officer upon the filing of the motion 05/21/1999. At Hearing 12/22/1999, the file contains the 11/13/1997 medical report with the alleged defect cured; i.e., a copy of the report with the doctor's signature is contained in the record.

{¶ 5} "The issue has become moot. There is no basis to disturb the 02/23/1998 finding of the District Hearing Officer."

{¶ 6} That order was administratively affirmed.

{¶ 7} The Court of Appeals for Franklin County denied claimant's mandamus complaint, citing claimant's failure to appeal the two earlier orders and the fact that the defect in Dr. Metz's report had been remedied by the time claimant's motion was heard.

{¶ 8} This cause is now before this court upon an appeal as of right.

{¶ 9} A writ of mandamus will not issue where the relator has a plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. Accordingly, the failure to pursue an administrative remedy bars a writ of mandamus. *State ex rel. Reeves v. Indus. Comm.* (1990), 53 Ohio St.3d 212, 559 N.E.2d 1311.

{¶ 10} Claimant failed to appeal two termination orders that were based on Dr. Metz's unsigned report. Claimant responds that she failed to appeal because she was not represented by counsel at the time and thus is immunized against application of principles governing appealability and mandamus. This argument, of course, fails.

{¶ 11} Claimant also challenges the commission's refusal to exercise continuing jurisdiction under R.C. 4123.52 to reopen the issue of TTC entitlement. We find however, that the commission did not abuse its discretion in determining that the prerequisites for invoking its continuing jurisdiction were not met. As the court of appeals pointed out, the lack of a signed copy of Dr. Metz's report in the

commission's record was remedied by the time claimant's motion was heard, negating the basis upon which claimant sought relief.

{¶ 12}  The judgment of the court of appeals is hereby affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

F.E. SWEENEY, J., dissents and would grant the writ of mandamus.

───────────

Bashein & Bashein Co., L.P.A., Richard W. Bashein;  Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellant.

Lee M. Smith & Associates Co., L.P.A., Elizabeth P. Weeden and Lee M. Smith, for appellee Warrensville Developmental Center.