THE STATE EX REL. BUCKLEY, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Buckley v. Indus. Comm.,*
100 Ohio St.3d 68, 2003-Ohio-5072.]

(No. 2003–0583—Submitted September 17, 2003—Decided October 8, 2003.)

**Per Curiam.**

{¶ 1} Appellant-claimant, Tereal A. Buckley, was injured in a work-related accident on July 4, 2001. The Ohio Bureau of Workers' Compensation allowed the claim in an order dated July 20, 2001. The order also set claimant's full weekly wage ("FWW") and average weekly wage ("AWW") at $96.87 and $29.31, respectively. These amounts were based on an employer earnings ledger submitted by claimant.

{¶ 2} The order also stated:

{¶ 3} "BWC law requires a 14–day period for the injured worker or employer to appeal this order. However, if the injured worker and the employer agree with this decision, the 14–day appeal period may be waived by both parties submitting a waiver in writing to the listed BWC customer service office.

{¶ 4} "If the injured worker or the employer disagree with this decision, either may file an appeal within 14–days of receipt of this order. * * *

{¶ 5} "IF AN APPEAL IS NOT RECEIVED WITHIN 14–DAYS, THIS DECISION IS FINAL.

{¶ 6} "If there are any questions concerning this claim, contact the claims service specialist at the listed BWC customer service office. However, a telephone call or other correspondence does not alter the need to file an appeal. Therefore, if you are not satisfied with this order, you must file an appeal within 14–days of receipt of this order."

{¶ 7} Claimant did not appeal. Two months later, on September 21, 2001, claimant moved the bureau to reset her AWW under R.C. 4123.61's "special circumstances" provision. She resubmitted her wage information and also offered an affidavit attesting to her status as a full-time university student.

{¶ 8} The bureau referred the matter to appellee, the Industrial Commission of Ohio, for hearing. The commission denied the motion, finding that recalculation was barred by the doctrine of res judicata.

{¶ 9} Claimant commenced a mandamus action in the Court of Appeals for Franklin County, petitioning the court to order the commission to grant her motion. The court denied the writ after finding that claimant's failure to appeal the July 20, 2001 bureau order constituted a failure to pursue an available administrative remedy. A writ of mandamus was, therefore, unavailable.

{¶ 10} This cause is now before this court upon an appeal as of right.

{¶ 11} This case is not about res judicata and the invocation of the commission's continuing jurisdiction under R.C. 4123.52. It instead involves the effect of claimant's failure to appeal the July 20, 2001 bureau order that set her FWW and AWW, and, on this, *State ex rel. Leyendecker v. Duro Test Corp.* (1999), 87 Ohio St.3d 237, 719 N.E.2d 528, is directly on point.

{¶ 12} As here, Leyendecker failed to appeal a bureau weekly wage order that contained a notice of appealability and finality similar to the one now before us. Later, claimant tried to have his AWW and FWW reset. The commission denied that request, and the court of appeals upheld that order. We, in turn, affirmed the court of appeals, writing:

{¶ 13} "Mandamus will not issue where the relator has a plain and adequate remedy at law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. For this reason, the failure to pursue an adequate administrative remedy bars mandamus relief. *State ex rel. Reeves v. Indus. Comm.* (1990), 53 Ohio St.3d 212, 559 N.E.2d 1311.

{¶ 14} "Under R.C. 4123.511(B)(1), claimant could have appealed the bureau's order to a commission district hearing officer. The bureau's order, moreover, informed claimant, in highlighted language, of his right and responsibility to appeal if he was dissatisfied with the wage as set. Claimant chose not to appeal." Id. at 237–238, 719 N.E.2d 528.

{¶ 15} Claimant argues that consideration of this issue is inappropriate, claiming that the commission in its answer conceded the unavailability of an adequate remedy at law. This is an incorrect reading of the commission's answer. The commission admitted claimant's allegation that the *commission's* order denying claimant's September 21, 2001 motion was "not appealable into the Common Pleas Court under Ohio Revised Code 4123.519 and [claimant], therefore, has no adequate remedy at law." This is a true statement that required the commission's admission. It is not, however, a concession that claimant's failure to

appeal the *bureau's* order was inconsequential to the issuance of a writ of mandamus.

{¶ 16} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———

Hochman & Roach Co., L.P.A., Gary D. Plunkett and Mark Kalafatas, for appellant.

Jim Petro, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for appellee.