DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, The Standard Products Company, has filed a complaint in mandamus, seeking an order from this court compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator's motion that requested the commission to find that respondent, Jonnie M. Busciglio, received duplicative compensation for permanent partial disability ("PPD").
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} In her decision, the magistrate found that, because relator failed to timely object to the March 2001 order of the Ohio Bureau of Workers' Compensation ("BWC"), granting claimant a percentage of PPD, the doctrine of res judicata barred relator's attempt, two years later, to relitigate that percentage award. The magistrate further found that relator's failure to exhaust its administrative remedies with respect to the March 2001 order precluded relief in mandamus. Finally, the magistrate noted that relator's motion requesting a declaration of overpayment in 2003 did not ask the commission to exercise its continuing jurisdiction, pursuant to R.C. 4123.52, to modify the percentage award ordered in March of 2001.
 {¶ 4} It is well-settled that "the failure to pursue an administrative remedy bars mandamus relief." State ex rel.Buckley v. Indus. Comm., Franklin App. No. 02AP-498, 2003-Ohio-667, at ¶ 3, affirmed, 100 Ohio St.3d 68,2003-Ohio-5072. In the present case, as found by the magistrate, relator failed to file objections to the BWC's order of March 2001, granting a percentage award. Under these circumstances, we agree with the magistrate that relator had an adequate administrative remedy at law but failed to pursue it, and, therefore, is not entitled to relief in mandamus.
 {¶ 5} Nevertheless, relator asserts that, in the instant case, the commission was required to exercise its continuing jurisdiction to correct a clear mistake of law. Relator citesState ex rel. Miller v. Parma (2002), 94 Ohio St.3d 402, for the proposition that an employer may appeal a tentative order of the BWC where such order is based upon a mistake of law, irrespective of when the appeal is filed. Upon review, we do not find the holding in Parma to be dispositive. Under the facts of that case, the commission was requested to exercise its continuing jurisdiction based upon an alleged mistake of law. Id. at 403. In the present case, as noted in the magistrate's decision, relator's motion seeking a declaration of overpayment in 2003 did not ask the commission to exercise continuing jurisdiction under R.C. 4123.52 based upon an alleged mistake of law. As a result, we are unable to conclude that the commission abused its discretion in failing to construe the motion in the manner now sought by relator.
 {¶ 6} After an examination of the magistrate's decision, an independent review of the record, pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections and find that the magistrate sufficiently determined the issues. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein, and deny relator's request for a writ of mandamus.
Objections overruled; writ denied.
Klatt and McCormac, JJ., concur.
McCormac, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : The Standard Products, Co., Relator, : :
v. : No. 03AP-940 :
Industrial Commission of Ohio : (REGULAR CALENDAR) and Jonnie M. Busciglio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on February 24, 2004 Scheuer Mackin Breslin, J. Kent Breslin and Eric A. Rich,
for relator.
Jim Petro, Attorney General, and Dennis H. Behm, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 7} In this original action in mandamus, relator, The Standard Products Company, seeks an extraordinary writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its order denying relator's motion that asked the commission to conclude that respondent Jonnie M. Busciglio received duplicative compensation for permanent partial disability ("PPD").
Findings of Fact:
 {¶ 8} 1. In October 1999, Jonnie Busciglio ("claimant") sustained work-related injuries to her right hand Her workers' compensation claim was allowed for amputation of the distal phalanx of the right middle finger. (The distal phalanx is the bone that forms the tip of the finger; it essentially constitutes the top third of the finger.) The claim was also allowed for contusions of the right ring finger and little finger.
 {¶ 9} 2. In February 2000, claimant filed an application for PPD compensation under the scheduled-loss provision in R.C.4123.57(B).
 {¶ 10} 3. In July 2000, a district hearing officer granted a scheduled-loss award for the amputation of one-third of the middle finger, noting that the employer had recognized the claim for "LOSS of 1/3 RIGHT MIDDLE FINGER DUE to AMPUTATION of DISTAL PHALANGE."[1] (Emphasis sic.) The employer paid the award.
 {¶ 11} 4. In November 2000, claimant filed for a determination of her percentage of PPD.
 {¶ 12} 5. In February 2001, claimant was examined for the Ohio Bureau of Workers' Compensation ("BWC") by J. Thomas, M.D., who reported that claimant had no sensation in the remaining part of the middle finger. He described the limited motion of the remaining joints and noted that claimant had developed a neuroma that required surgery. Dr. Thomas reported that claimant experienced pain and swelling in the metacarpal region, and he concluded that claimant had sustained a ten percent impairment.
 {¶ 13} 6. In March 2001, the BWC issued a tentative order finding a ten percent PPD under R.C. 4123.57(A).
 {¶ 14} 7. No objection or appeal was filed in regard to the BWC's order of March 2001, and the employer paid the award.
 {¶ 15} 8. Two years later, in March 2003, the employer filed a motion asking the commission to find that the March 2001 award caused claimant to receive duplicative benefits. The employer argued that claimant not only received compensation for the partial amputation under the scheduled-loss provisions of R.C.4123.57(B) in July 2000, but that part of her percentage award in March 2001 under R.C. 4123.57(A) was also for the same amputation.
 {¶ 16} 9. In April 2003, a district hearing officer denied the motion. In July 2003, a staff hearing officer affirmed as follows:
The Staff Hearing Officer denies the employer's request to declare an overpayment on permanent partial disability. Staff Hearing Officer finds that there was nothing in the state file to indicate that the examination by Dr. Thomas on 02/16/2001 was inaccurate.
10. Further appeal was refused.
Conclusions of Law:
 {¶ 17} In this action, the employer contends that the commission abused its discretion in refusing to declare an overpayment. Specifically, the employer argues that the March 2001 order granted claimant a double recovery of PPD compensation for the partial amputation of her right middle finger.
 {¶ 18} Under R.C. 4123.57(B), an injured worker is awarded a specific number of weeks of compensation for the amputation or loss of use of certain body parts that are listed on a schedule. A claimant receives 30 weeks of PPD compensation for the loss of the middle finger, and, when one-third of the finger is amputated, the claimant receives one-third of the 30 weeks of compensation. In the present action, the parties do not dispute the propriety of the scheduled-loss award in July 2000. Rather, the employer argues that the subsequent award in March 2001 duplicated part of the PPD compensation that claimant had already received in July 2000, contrary to the rule set forth in Stateex rel. King v. Indus. Comm. (1997), 77 Ohio St.3d 252.
 {¶ 19} However, when the employer filed its overpayment motion, the matter was res judicata. Where a matter has been ruled upon in a final administrative order, the matter cannot later be relitigated. E.g., State ex rel. Gen. Elec. Co. v.Indus. Comm., Franklin App. No. 03AP-8, 2003-Ohio-4702 (citingState ex rel. Kroger Co. v. Indus. Comm. (1998),80 Ohio St.3d 649). Here, after the scheduled-loss award in July 2000, the BWC then granted a percentage of PPD in March 2001. The employer did not object. Thus, the BWC order became the final administrative ruling, determining conclusively that claimant was entitled to a ten percent award under R.C. 4123.57(A). Two years later, in 2003, the doctrine of res judicata precluded the employer from relitigating that percentage award. The matter had been finally decided in 2001. The percentage award of PPD granted to claimant in March 2001 was and is res judicata.
 {¶ 20} Moreover, the law is settled that, where a party fails to appeal an administrative order that could have been appealed, it cannot challenge the order in mandamus. That is, the failure to exhaust administrative remedies that were available in the ordinary course of law bars extraordinary relief in mandamus. E.g., State ex rel.
 Leyendecker v. Duro Test Corp. (1999), 87 Ohio St.3d 237;State ex rel. Reeves v. Indus. Comm. (1990), 53 Ohio St.3d 212;State ex rel. Stafford v. Indus. Comm. (1989),47 Ohio St.3d 76.
 {¶ 21} If, as relator argues, the March 2001 order granted a percentage award that impermissibly duplicated in part the compensation already paid as a scheduled-loss award, then relator was obliged to object to the March 2001 percentage award. However, no objection was filed. Relator's failure to exhaust its administrative remedies with respect to the March 2001 order precludes mandamus relief in regard to the alleged duplication of PPD compensation.
 {¶ 22} Last, the magistrate notes that the commission has continuing but limited jurisdiction under R.C. 4123.52 to modify its final orders where certain statutory requirements are met. See, generally, State ex rel. B C Machine Co. v. Indus. Comm.
(1992), 65 Ohio St.3d 538. In this action, however, relator's motion seeking a declaration of overpayment in 2003 did not ask the commission to exercise continuing jurisdiction under R.C.4123.52 to modify the percentage award ordered in March 2001. Moreover, in mandamus, the employer has not argued that the commission had a legal duty to exercise continuing jurisdiction under R.C. 4123.52 to modify the percentage award previously granted in 2001. Accordingly, the magistrate does not address that issue.
 {¶ 23} Based on the foregoing, the magistrate concludes that relator had not met its burden in mandamus and recommends that the court deny the requested writ.
 /s/ P.A. Davidson 
P.A. DAVIDSON MAGISTRATE
[1] Most dictionaries favor the traditional latinate spelling under which the singular is "phalanx" and the plural is "phalanges." However, a few authorities list "phalange" as an acceptable singular form.