DECISION
{¶ 1} Relator, Cynthia Jones, commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying her motion to reset her average weekly wage ("AWW") at $140.67 which is the amount of her full weekly wage ("FWW").
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate found that because relator failed to pursue an adequate administrative remedy (i.e., the administrative appeal of the bureau's order of November 21, 2001), her action was barred. Therefore, the magistrate recommended that we deny the requested writ of mandamus. No objections to the magistrate's decision have been filed.
 {¶ 3} Finding no error of law or other defect on the face of the magistrate's decision, we adopt that decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
 Brown, P.J., and McGrath, J., concur. IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State ex rel. Cynthia Jones, :
 Relator, :
 v. : No. 04AP-1333
S T Market and : (REGULAR CALENDAR)
 :
Industrial Commission of Ohio, :
 Respondents. :
 :
 MAGISTRATE'S DECISION Rendered on May 20, 2005 Casper Casper, and Douglas W. Casper, for relator.
Jim Petro, Attorney General, and William J. McDonald, for respondent Industrial Commission of Ohio.
IN MANDAMUS
 {¶ 4} In this original action, relator, Cynthia Jones, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her motion to reset her average weekly wage ("AWW") at $140.67 which is the amount of her full weekly wage ("FWW").
Findings of Fact:
 {¶ 5} 1. On October 25, 2001, relator sustained an industrial injury while employed with respondent S T Market ("S T"), a state-fund employer. On October 26, 2001, relator filed a claim for workers' compensation benefits. The industrial claim is assigned claim number 01-858472.
 {¶ 6} 2. On November 21, 2001, the Ohio Bureau of Workers' Compensation ("bureau") mailed an order allowing the claim, setting relator's FWW at $140.67 and AWW at $16.23. The bureau order also awarded temporary total disability compensation. Apparently, the bureau's order was not administratively appealed even though the order itself warned:
If the injured worker or the employer disagrees with this decision, either may file an appeal within 14-days of receipt of this order. * * *
 {¶ 7} 3. The bureau's November 21, 2001 order setting FWW and AWW was premised upon payroll records submitted by S T. Those records show that relator was employed by S T during the six weeks prior to her date of injury when she earned total gross wages of $844.50.
 {¶ 8} 4. Apparently, the bureau determined FWW by dividing gross wages for the six weeks relator worked by a denominator of 6 ($844.50 ÷ 6 = $140.67). Apparently, the bureau determined AWW by dividing gross wages for the six weeks by a denominator of 52 ($844.50 ÷ 52 = $16.23).
 {¶ 9} 5. On July 22, 2003, relator, through counsel, moved that her AWW be increased to equal her FWW. The motion explains: "[t]he claimant was unemployed for nearly a year prior to the industrial accident." The motion cited to State ex rel. Clark v. Indus. Comm. (1994),69 Ohio St.3d 563. Relator did not submit an affidavit or any additional documentary evidence in support of her motion.
 {¶ 10} 6. Following an October 10, 2003 hearing, a district hearing officer ("DHO") issued an order denying relator's July 22, 2003 motion. The DHO's order states:
The injured worker testified a[t] the hearing that she was not able to work for approximately 48 weeks of the year prior to the date of the injury because of the expense of full time day-care costs for two children. Upon questioning the injured worker advised the age of the children in question are 9 and 11. The injured worker further testified that the children attend school full time.
Based upon the injured worker's testimony at hearing[,] the District Hearing Officer finds that the injured worker did not have full time day-care costs as she originally advised. The District Hearing Officer further finds that the injured worker's choice to be off work for 48 weeks during the year prior to the date of injury is not a reason to adjust the setting of the average weekly wage. The District Hearing Officer therefore finds that the correct method of setting the average weekly wage in this claim is to use the injured worker's actual earnings during the year prior to the date of injury divided by 52 weeks.
The District Hearing Officer therefore finds the Bureau of Workers' Compensation has appropriately set the injured worker's average weekly wage. The injured worker's motion is therefore denied.
 {¶ 11} 7. Relator administratively appealed the DHO order of October 10, 2003. Following a December 5, 2003 hearing, a staff hearing officer ("SHO") issued an order stating:
The order of the District Hearing Officer, from the hearing dated 10/10/2003, is affirmed with additional reasoning.
It is the order of the Staff Hearing Officer that the injured worker's C-86 Motion, 07/22/2003 is denied.
The injured worker's Motion requests that the Average Weekly Wage in this claim be set at $140.67 per week, which is the same amount of the Full Weekly Wage.
The injured worker testified at the District Hearing Officer hearing that she was not able to work for approximately 48 weeks of the year prior to the date of the injury because of the expense of full time day-care costs for two children. Upon questioning the injured worker advised the ages of the children in question are 9 and 11. The injured worker further testified that the children attend school full time.
Based upon the injured worker's testimony at the District Hearing Officer hearing the Staff Hearing Officer finds that the injured worker did not have full time day-care costs as she originally advised. The Hearing Officer further finds that the injured worker's choice to be off work for the 48 weeks during the year prior to the date of injury is not a reason to adjust the setting of the Average Weekly Wage. The Staff Hearing Officer therefore finds that the correct method of setting the Average Weekly Wage in this claim is to use the injured worker's actual earnings during the year prior to the date of injury divided by 52 weeks.
The Staff Hearing Officer therefore finds the Bureau of Workers' Compensation has appropriately set the injured worker's Average Weekly Wage. The injured worker's Motion is therefore denied.
 {¶ 12} 8. Relator administratively appealed the SHO order of December 5, 2003. On January 3, 2004, another SHO mailed an order refusing relator's administrative appeal.
 {¶ 13} 9. On December 13, 2004, relator, Cynthia Jones, filed this mandamus action.
Conclusions of Law:
 {¶ 14} Because relator failed to pursue an adequate administrative remedy when she failed to administratively appeal the bureau's order of November 21, 2001, this action is barred. Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 15} Pursuant to R.C. 4123.511(B)(1), the bureau's order mailed November 21, 2001 could have been administratively appealed by relator "within 14-days of receipt of this order." Not only the statute, but also the bureau's order itself, apprised relator of her right to appeal.
 {¶ 16} Relator's July 22, 2003 motion, filed long after the appeal period had run, does not alter the fact that relator failed to pursue an adequate administrative remedy when she failed to administratively appeal the bureau's order of November 21, 2001.
 {¶ 17} Thus, this mandamus action is barred by relator's failure to appeal the bureau's order of November 21, 2001. State ex rel. Leyendeckerv. Duro Test Corp. (1999), 87 Ohio St.3d 237; State ex rel. Buckley v.Indus. Comm., 100 Ohio St.3d 68, 2003-Ohio-5072.
 {¶ 18} Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.