OPINION
{¶ 1} Plaintiff-appellant, Kenneth C. Ryther, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendantsappellees, City of Gahanna Division of Police, City of Gahanna Civil Service Commission, and Robert O. Keyes, Director of Public Safety. Because the trial court lacked jurisdiction to resolve the claims in plaintiff's complaint, we affirm.
 {¶ 2} Plaintiff, a policeman for the city of Gahanna ("city") for over 23 years, filed a complaint against the city after not receiving a promotion to the rank of lieutenant. Plaintiff's complaint seeks declaratory judgment based on a failure to promote and breach of contract, a mandatory injunction based on a failure to promote, and a writ of mandamus to compel plaintiff's promotion to the rank of lieutenant. In the course of his complaint, plaintiff alleges a breach of the collective bargaining agreement as well as a violation of the city's civil service rules.
 {¶ 3} In response, the city moved for summary judgment on all of plaintiff's claims. On October 21, 2004, the trial court granted the city's motion based on (1) lack of subject matter jurisdiction, and (2) plaintiff's failure to exhaust administrative remedies under the applicable collective bargaining agreement. On appeal, plaintiff assigns the following errors:
ERROR ONE: The trial court erred because misapplied [sic] the standard for summary judgment by failing to examine the evidence in a light most favorable to Appellant.
ERROR TWO: The trial court erred when it ruled that Article 14 of the CBA entirely incorporated the civil service rules and it lacked subject matter jurisdiction because Appellant's claim[s] arise from Rule 8.03 of the civil service rules.
ERROR THREE: The trial court erred when it ruled that Appellant failed to exhaust his administrative remedies because the CBA did not require Appellant to file a grievance and, if Appellant were required to file a grievance, such an action would have been futile.
ERROR FOUR: The trial court erred when it failed to consider whether a vacancy existed before the creation of the 1999 eligibility list. The court erred when it failed to determine whether Appellant was considered for promotion from the 1997 eligibility list.
 {¶ 4} An appellate court's review of summary judgment is conducted under a de novo standard. Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41; Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; State ex rel. Grady v.State Emp. Relations Bd. (1997), 78 Ohio St.3d 181.
 {¶ 5} Pursuant to the authority granted in Gahanna's city charter, the civil service commission ("commission") adopted rules and regulations concerning the selection, promotion, demotion, discipline and removal of employees within the classified service of the city. In addition, relations between the city and Fraternal Order of Police Capital City Lodge No. 9 ("union") were governed by a collective bargaining agreement ("CBA") for the period of January 1, 1998 through December 31, 2000.
 {¶ 6} In 1997, plaintiff and four other sergeants took a written examination to become eligible for promotion to lieutenant. They all failed the exam. Due to the outdated nature of the exam, the five sergeants requested that the commission disregard the exam results and place them on the eligibility list. The commission agreed with the sergeants, disregarded the exam results, and placed all five of them on the 1997 eligibility list for promotion. After the oral board in September 1997, plaintiff ranked second on the list. The sergeant who ranked first eventually was promoted, leaving plaintiff ranked first.
 {¶ 7} Rule 6.02 of the city's civil service rules provides that the Safety Director may petition the commission to abolish an eligibility list after one year, if he or she feels it is in the public interest. Pursuant to that authority, in the fall of 1998 Safety Director Keyes requested that the commission abolish the 1997 eligibility list. He premised his request on the failure of any candidate on that list to pass the written exam, as well as the subsequent eligibility of other candidates. Ultimately, the commission disagreed with Keyes and declined to abolish the list but agreed that a new test must be developed. In the October 1998 and December 1998 minutes, the commission disclosed that the 1997 list would expire on June 30, 1999, exactly two years from the date of the written exam.
 {¶ 8} In May 1999, the commission posted a notice of a written exam for another opening for the lieutenant position. The written exam was held on July 1, 1999. Plaintiff passed the exam and was placed on the 1999 eligibility list. After the oral board in August, Sergeant Larry Rinehart ranked first and was promoted on August 11, 1999. Plaintiff does not challenge the promotion of Rinehart. Rather, plaintiff's complaint asserts that a vacancy occurred prior to the expiration of the 1997 eligibility list, in which he was ranked first, and he should have been promoted before the 1999 eligibility list was created.
 {¶ 9} By the second assignment of error, plaintiff challenges the trial court's conclusion that it lacked jurisdiction over plaintiff's claims. In his third assignment of error, plaintiff claims the trial court erred in finding he failed to exhaust administrative remedies. Because these assignments of error are interrelated and concern the subject matter jurisdiction of the trial court, we address them first.
 {¶ 10} Ohio Revised Code Chapter 4117 sets forth a comprehensive framework "for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." Franklin Cty. Law Enf. Assn. v.Fraternal Order of Police Capital City Lodge No. 9 (1991),59 Ohio St.3d 167, 169. The chapter was "meant to regulate in a comprehensive manner the labor relations between public employees and employers." Id. at 171.
 {¶ 11} As a matter of jurisdiction, if a party asserts rights or claims that "arise from or depend on the collective bargaining rights," the remedies provided in R.C. Chapter 4117 are exclusive. Id. (holding that plaintiff's claims under certain statutes were "inextricably intertwined" with rights created and imposed by R.C. Chapter 4117); Stateex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Court ofCommon Pleas of Franklin Cty. (1996), 76 Ohio St.3d 287. If a party asserts rights independent of R.C. Chapter 4117, the party may file a complaint in common pleas court. Franklin Cty. Law Enf. Assn., at 171.
 {¶ 12} Further, if the parties have entered into a CBA pursuant to R.C. Chapter 4117 that provides for a grievance procedure culminating in final and binding arbitration, the claimant's exclusive remedy is to file a grievance in accordance with the CBA. See R.C. 4117.10(A) (providing that if an agreement between a public employer and an exclusive representative governing the wages, hours, and terms and conditions of public employment "provides for a final and binding arbitration of grievances, public employers, employees, and employee organizations are subject solely to that grievance procedure"). The provisions of a CBA entered into pursuant to R.C. Chapter 4117 "prevail over conflicting laws, including municipal home-rule charters enacted pursuant to Section7, Article XVIII of the Ohio Constitution, except for laws specifically exempted by R.C 4117.10(A)." Mayfield Heights Fire Fighters Assn. Local1500 v. DeJohn (1993), 87 Ohio App.3d 358, 362, citing Cincinnati v.Ohio Council 8 AFSCME (1991), 61 Ohio St.3d 658.
 {¶ 13} Plaintiff acknowledges that the CBA at issue governs the time period pertinent to plaintiff's claims. Plaintiff, however, contends his rights in this matter arise under the civil service rules and not the CBA. As a result, the initial question presented in plaintiff's appeal is whether plaintiff's rights or claims under the civil service rules, and in particular Rule 8.03, are inextricably intertwined with his rights under the CBA such that the common pleas court is without jurisdiction to determine the merits of his complaint. Franklin Cty. Law Enf. Assn.,
supra.
 {¶ 14} Both the CBA and Rule 8.03 address the subject of promotions. The preamble to the city's charter states that "[w]hen the City of Gahanna, Ohio and a Union have entered into a labor contract pursuant to Ohio's Public-Employee Collective Bargaining Law, Revised Code Chapter 4117, that contract takes precedence over these civil service rules on any wages, hours, and terms and conditions of employment covered by the contract."
 {¶ 15} Complementing the cited provisions of the city's preamble, Article 14 of the CBA provides the procedure for promotions, and it specifically incorporates the civil service rules, stating that all appointments to the ranks of sergeant, lieutenant, and captain shall be filled by promotional appointment under the provisions of the Civil Service Law, unless modified by the provisions of Article 14. Pursuant to the procedure set forth in the CBA, the city posts a notice when it determines a vacancy exists, and any qualified member may submit a written request to the city for consideration. The candidates take a written examination, and whoever scores appropriately proceeds to an oral board. After orally interviewing each candidate, the oral board prepares and submits to the Safety Director its selection of no more than three candidates. Thereafter, the Safety Director appoints one of the three candidates.
 {¶ 16} Because the civil service rules address the subject of promotions, plaintiff urges application of Rule 8.03, which provides that "[w]henever a vacancy occurs in a position above the rank of patrolman in a police department, and there is no eligible list for such rank, the Commission shall, within sixty (60) days of such vacancy, hold a competitive promotional examination. After such examination * * * the Commission shall, forthwith certify to the appointing officer the names of the three (3) persons receiving the highest rating. Upon such certification, the appointing authority shall appoint one of the persons so certified * * *. If there is a list, the Commission shall, where there is a vacancy, immediately certify the names of the three (3) persons having the highest rating, and the appointing authority shall appoint one of the persons within thirty (30) days from the date of such certification."
 {¶ 17} Plaintiff maintains, as he must in order to avoid a jurisdictional defect, that his claims arise under Rule 8.03 rather than the CBA, as Rule 8.03 addresses the commission's promotion procedure in the event of a vacancy and the existence of an eligibility list. The CBA, however, specifically incorporates the civil service rules into the section of the CBA that addresses promotions: Article 14, section 1 of the CBA states that all promotions must occur in accordance with the civil service rules. As the city points out, if the promotion is not in accordance with the rules, the CBA is breached. As a result, plaintiff's rights under Rule 8.03 are inextricably intertwined to his rights under the CBA. Mayfield Heights, supra (holding that the trial court was without jurisdiction to hear appellant's promotion claims despite appellant's reliance on the civil service rules, as rules were incorporated into the CBA that provided a grievance procedure).
 {¶ 18} Even plaintiff's complaint sets forth alleged violations of both the civil service rules and the CBA. For example, plaintiff requests the court to declare that he has a legal right "under the Collective Bargaining Agreement and under the rules of the Civil Service Commission to be promoted." (Second Amended Complaint, ¶ 16[a].) Indeed, plaintiff explicitly acknowledges the CBA and civil service rules are intertwined: paragraph 7 of his complaint states that "[t]he terms and conditions of Plaintiffs employment, as well as standards and requirements for promotion are controlled by a Collective Bargaining Agreement between the City of Gahanna and the F.O.P. Capitol City Lodge #9 * * * as well as the Gahanna Civil Service Rules and Regulations." Similarly, paragraph 8 of his complaint states that in May 1999, "Plaintiff met all of the requirements of Article 14 PROMOTIONS in the contract * * * which controls all appointments to the rank of Lieutenant under the Civil Service laws of Gahanna." Plaintiff thus is asserting rights or claims that are dependent on the CBA. Accordingly, the issue before us resolves to whether plaintiff was required to utilize the grievance procedure set forth in the CBA.
 {¶ 19} Article 5 of the CBA establishes a grievance procedure for "any unresolved question or dispute regarding wages, hours, and terms and conditions of employment" of the members. The provisions set forth a detailed multi-step procedure for resolution of a grievance. Should informal efforts fail, the CBA provides the aggrieved member may request arbitration.
 {¶ 20} Claims relating to promotions are recognized as disputes regarding wages, hours, and terms and conditions of employment. DeVennishv. City of Columbus (1991), 57 Ohio St.3d 163 (holding that promotions were related to wages, hours, and terms and conditions of employment, as "promotions can result in an increase in wages and responsibilities and a change in work schedule" and are bargainable issues); Mayfield Heights,
supra (concluding appellant's contention regarding a promotion was subject to the CBA's grievance procedure). Plaintiff's dispute over the promotion procedure thus qualifies as an issue subject to the grievance procedure set forth in the CBA.
 {¶ 21} In an effort to circumvent the cited authority, plaintiff contends the grievance procedure is optional, because the CBA states a member "may" request arbitration. To the contrary, arbitration is plaintiff's exclusive remedy pursuant to R.C. Chapter 4117. The word "may" simply allows a member to choose between pursuing the grievance beyond informal methods, should those efforts fail, or discontinuing the process at that point. As the Supreme Court noted in Mahoning Cty. Bd. of MentalRetardation v. Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, 84
"[t]o deny credence and efficacy to these [grievance arbitration procedures] would be, in effect, writing them out of the collectively bargained contract of the parties. * * * [T]his would defeat the bargain made by the parties and would defeat, as well, the strong public policy favoring private settlement of grievance disputes arising from collective bargaining agreements." Lane v. Cincinnati Civil Serv. Comm. (1997),122 Ohio App.3d 663 (holding that firefighters' complaint was not subject to civil service commission's jurisdiction where the CBA provided for final and binding arbitration of grievances).
 {¶ 22} The CBA here provides for final and binding arbitration, and plaintiff, under R.C. 4117.10(A), was required to use the grievance procedure available to him, which he could have initiated without union support. Because the grievance procedure was plaintiff's exclusive remedy, the trial court properly concluded it lacked jurisdiction to hear plaintiff's claims.
 {¶ 23} Plaintiff nonetheless contends the grievance procedure would have been futile because, based on their malicious acts toward him, the city would have ruled against him. In rare instances, futility is a legitimate excuse for failing to exhaust administrative remedies. Stateex rel. Cotterman v. St. Mary's Foundry (1989), 46 Ohio St.3d 42. Here, however, should a grievance go to arbitration, the CBA provides for appointment of a neutral third party. Plaintiff's speculation as to how his claim would be resolved is insufficient to overcome the requirement to exhaust administrative remedies. State ex rel. Ramsdell v. WashingtonLocal School Bd. (1988), 52 Ohio App.3d 4 (holding the common pleas court did not have jurisdiction over plaintiff's collective bargaining grievance despite union's wrongful refusal to process the grievance, as such wrongful refusal is an unfair labor practice which is subject to the exclusive jurisdiction of the State Employment Relations Board).
 {¶ 24} Plaintiff further argues that because his claim arises solely under Rule 8.03, his only remedy would have been to file a grievance with the commission. Plaintiff claims that because he has no right to appeal the commission's decision, he would be left without an adequate remedy. Because we reject plaintiff's contention that his complaint arises solely under Rule 8.03, we similarly reject his argument that relies on the same premise.
 {¶ 25} In the final analysis, plaintiff was required to utilize the grievance procedure provided in the CBA. The trial court lacked jurisdiction to determine the merits of his claims and properly dismissed the case. Accordingly, plaintiff's second and third assignments of error are overruled.
 {¶ 26} Plaintiff's fourth assignment of error relates to the merits of his case, and whether a vacancy existed while he was ranked first on the 1997 eligibility list. Because the trial court does not have jurisdiction to hear plaintiff's claims, plaintiff's fourth assignment of error is overruled as moot. Similarly, plaintiff's first assignment of error is overruled as moot, as it attacks the trial court's view of plaintiff's evidence.
 {¶ 27} We recognize plaintiff argues several additional points and cites facts related to those arguments, contending at the same time that the trial court wrongly found the facts and misunderstood his case. To the contrary, the trial court correctly granted the city's summary judgment based on jurisdictional grounds. Because plaintiff's claims fail for jurisdictional reasons, we do not address his further arguments.
 {¶ 28} Having overruled plaintiff's second and third assignments of error, rendering moot plaintiff's first and fourth assignments of error, we affirm the trial court's judgment.
Judgment affirmed.
Brown, P.J., and French, J., Concur.