DECISION
{¶ 1} Relator, Dean F. Rennell, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to reinstate him to his former position as an inventory control supervisor, a classified civil service position, and to pay him back wages and benefits. The commission has filed a motion for summary judgment. *Page 2 
 {¶ 2} This matter was referred to a court-appointed magistrate pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, and recommended that this court grant the commission's motion for summary judgment and deny relator's request for a writ of mandamus. (Attached as Appendix A.) Relator has filed objections to the magistrate's decision.
 {¶ 3} Relator argues that the magistrate erred in finding an adequate remedy at law existed via an appeal of the order of the State Personnel Board of Review ("SPBR") to the common pleas court, citing several separate objections. Relator contends in his first two objections that he could not have appealed to the common pleas court because neither R.C. 124.03(A) nor 124.34(B) give the SPBR the authority to hear an action involving relator's non-disciplinary removal. Relator next contends in his third objection that the magistrate erred in finding that he had an adequate remedy at law because a person need not pursue administrative remedies if such an act would be futile. Relator asserts in his fourth objection that the magistrate erred in finding that an adequate remedy at law existed without identifying what adequate remedy was available to him.
 {¶ 4} We find relator's objections to be without merit. Although relator asserts in his first two objections that there was no adequate remedy at law because it is clear that SPBR did not have authority to hear his claim — apparently conceding that the SPBR's order was correct — such contention is irrelevant. The relevant issue is whether an adequate remedy at law existed because he could have appealed the SPBR's order to the court of common pleas. The magistrate found, and this court agrees, that R.C. 119.12 *Page 3 
permitted relator to appeal the SPBR's order to the common pleas court; thus, an adequate remedy existed. Relator's first and second objections are without merit.
 {¶ 5} Relator's third objection is also without merit. Relator contends that he did not have an adequate remedy at law because a person need not pursue administrative remedies if such an act would be futile. Relator asserts that, because the SPBR concededly did not have jurisdiction to hear his action, an appeal to the common pleas court would have been futile. However, relator cannot escape the application of the no adequate remedy at law requirement by belatedly conceding that the SPBR cannot maintain jurisdiction. A party's speculation as to how his claim would be resolved is insufficient to overcome the requirement to exhaust administrative remedies. See Ryther v. City of Gahanna, Franklin App. No. 04AP-1220, 2005-Ohio-2670, at ¶ 23; see, also,Reasoner v. Randle (Jan. 11, 2001), Ross App. No. 00CA2557 (even when there is no doubt that denial is the likeliest outcome, such is not a sufficient reason for waiving the requirement of exhaustion of remedies; in denying relief at the administrative level, the agency's reasoning may still be helpful in subsequent proceedings). Therefore, we find relator's third objection to be without merit.
 {¶ 6} Relator argues in his fourth objection that the magistrate erred in finding that he had failed to exhaust his administrative remedies without defining the adequate remedy that existed. We disagree with relator's contention. The magistrate specifically identified that an appeal to the common pleas court, pursuant to R.C. 119.12, was relator's remedy. That relator may not have been successful at the common pleas level does not determine the adequacy of the remedy. It is the trial court's jurisdiction, pursuant to R.C. 119.12, to hear the type of action at issue and its authority to afford relief to relator *Page 4 
that makes such remedy adequate. For these reasons, we overrule relator's fourth objection.
 {¶ 7} After an examination of the magistrate's decision, an independent review of the evidence, pursuant to Civ.R. 53, and due consideration of relator's objections, we overrule the objections. Accordingly, we adopt the magistrate's decision as our own with regard to the findings of fact and conclusions of law. Therefore, we grant the commission's motion for summary judgment and deny relator's request for a writ of mandamus.
Objections overruled; writ of mandamus denied.
BRYANT and BOWMAN, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 5 
 APPENDIX A MAGISTRATE'S DECISION IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 8} In this original action, relator, Dean F. Rennell, requests a writ of mandamus ordering respondent Industrial Commission of Ohio to reinstate him to his former position as an inventory control supervisor, a classified civil service position, and to pay him back wages and benefits. *Page 6 
Findings of Fact: {¶ 9} 1. On January 23, 2007, relator filed this original action naming the Industrial Commission of Ohio as respondent.
 {¶ 10} 2. Respondent filed an answer to the complaint.
 {¶ 11} 3. On March 30, 2007, respondent moved for summary judgment. The parties have entered into an agreed stipulation of facts with attached exhibits.
 {¶ 12} 4. On April 3, 2007, the magistrate issued notice that respondent's motion for summary judgment was set for submission to the magistrate on April 16, 2007.
 {¶ 13} 5. In response, relator filed a memorandum in opposition to the motion for summary judgment.
 {¶ 14} 6. There is no genuine issue of material fact with respect to the following findings of fact.
 {¶ 15} 7. Relator was employed by respondent as an inventory control supervisor, a classified civil service position.
 {¶ 16} 8. On March 31, 2006, relator signed form F-111c published by the Ohio Public Employees Retirement System ("OPERS"). The form is captioned "Retirement Incentive Plan, Employee and Employer's Agreement." The form, signed by relator, states in part:
 The undersigned agree that DEAN RENNELL is eligible to retire with an age and service retirement benefit from OPERS, or will qualify to retire with the purchase of service credit under our retirement incentive plan adopted per Section 145.297 or 145.298, Ohio Revised Code.
 * * * *Page 7 
 The employee agrees to retire no later than 90 days after receiving notice from OPERS that the service credit being purchased by the employer has been granted. If the employee's benefit-effective date is not within the 90-day period, the service credit will be forfeited and the retirement system will refund the amount paid for the service credit to the employer.
(Emphasis sic.)
 {¶ 17} 9. Relator submitted the signed F-111c form to respondent on March 31, 2006.
 {¶ 18} 10. On April 3, 2006, relator received a letter from respondent's Human Resources Manager, Donald M. Collins. The letter states:
 This acknowledges receipt of Form F-111c the Employee/-Employer Agreement under our Early Retirement Incentive Plan. Your last date of service will be April 30, 2006. In return the Industrial Commission of Ohio will purchase two years of service time for you. We have forwarded your Employee/Employer Agreement to the Ohio Public Employee Retirement System for processing. As your retirement date nears we will be in touch with you to schedule an exit interview. In the meantime, should you have any questions please don't hesitate to contact Human Resources. We wish you every success and hope you enjoy a long happy retirement.
 {¶ 19} 11. On April 6, 2006, respondent's executive secretary of Human Resources, Mindy Mathews, sent relator an e-mail stating: "Please forward your letter of resignation to Pamela Davis as it is needed to process your resignation with [Department of Administrative Services]."
 {¶ 20} 12. On April 18, 2006, Mathews again sent relator an e-mail stating: "Could you please forward a resignation letter so that we may send to [Department of Administrative Services] to process your paperwork. Thank you." *Page 8 
 {¶ 21} 13. Relator did not submit a resignation letter to respondent in response to Mathews' e-mails.
 {¶ 22} 14. On April 20, 2006, relator submitted to respondent a memorandum stating: "Please consider this as notice that I will not be retiring on April 28, 2006."
 {¶ 23} 15. By letter dated April 21, 2006, Phil Haddad, respondent's executive director, informed relator:
 I have had the opportunity to review your request to rescind your retirement from the Industrial Commission. We have relied on your actions to leave the Industrial Commission and have planned accordingly. Because we see the Warehouse Supervisor as a key position in the agency we have made filing it a priority. We have already begun and are well in the process of selecting your replacement.
 Regrettably we cannot permit you to rescind your date for leaving the agency. I remind you the two year buy out represents an extraordinary opportunity for employees to do some things they wouldn't ordinarily get to do. I hope you are able to take advantage of this opportunity.
 {¶ 24} 16. On April 26, 2006, Mathews sent relator another e-mail stating: "In order for Pamela Davis to finish processing your retirement you need to forward her a resignation letter or email."
 {¶ 25} 17. By memorandum dated April 27, 2006, relator informed respondent:
 Please be advised that a letter of resignation from me has been requested by Malinda Matthews, Human Resources. Ms. Matthew's email stated "In order for Pamela Davis to finish processing your retirement you need to forward her a resignation letter or emaiI".
 I will not submit a letter of resignation because I do not want to retire. * * *
 * * * *Page 9 
 I will state precisely and exactly this fact, I do not want to retire at this time, it is my hope that I can continue my career with the Industrial Commission of Ohio, Operations Support, Warehouse as the Inventory Control Specialist Supervisor. To date I have not submitted any resignation or retirement letter. I have submitted to the Ohio Public Employee's Retirement System an F111C which is an OPERS form that is governed by them.
(Emphasis sic.)
 {¶ 26} 18. Notwithstanding relator's request, respondent did not permit relator to work beyond April 2006.
 {¶ 27} 19. Relator has been receiving OPERS retirement benefits.
 {¶ 28} 20. On or about May 17, 2006, relator, acting pro se, filed an appeal with the State Personnel Board of Review ("SPBR").
 {¶ 29} 21. The SPBR notice of appeal form asks the appellant to indicate by checkmark the job action being appealed. The form presents 12 boxes that can be checkmarked. For example, there is a box for "removal" and another for "layoff." On the form, relator marked "other" and thereafter wrote: "Forced retirement. Refusal to accept rescinding of application to utilize the early retirement incentive." (Emphasis sic.)
 {¶ 30} 22. On October 27, 2006, respondent moved SPBR for dismissal of relator's appeal.
 {¶ 31} 23. On November 28, 2006, an administrative law judge ("ALJ") issued a report and recommendation to SPBR. In his report and recommendation, the ALJ wrote:
 * * * [T]his Board does not possess jurisdiction to review appeals of a denial of a reinstatement from a voluntary retirement, as this is not one of the enumerated appeals that this Board can review under O.R.C. Section 124.03(A).
 * * * *Page 10 
 Therefore, I respectfully RECOMMEND that this appeal be DISMISSED for lack of subject matter jurisdiction pursuant to O.R.C. 124.03(A).
(Emphasis sic.)
 {¶ 32} 24. On December 22, 2006, SPBR issued an order adopting the recommendation of the ALJ and dismissing the appeal "for lack of subject matter jurisdiction, pursuant to O.R.C. § 124.03(A)."
 {¶ 33} 25. Relator did not appeal the decision of the SPBR to the court of common pleas pursuant to R.C. 119.12.
 {¶ 34} 26. On January 23, 2007, as previously noted, relator filed this mandamus action.
Conclusions of Law: {¶ 35} It is the magistrate's decision that this court grant respondent's motion for summary judgment, as more fully explained below.
 {¶ 36} Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v.Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115. *Page 11 
 {¶ 37} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28,29. It also firmly established that the writ of mandamus will not issue where the relator has or had available a clear, plain and adequate remedy in the ordinary course of law. Id. at 30; State ex rel. Buckleyv. Indus. Comm., 100 Ohio St.3d 68, 2003-Ohio-5072.
 {¶ 38} It is undisputed that relator failed to pursue an appeal of the SPBR's decision to the common pleas court pursuant to R.C. 119.12. Thus, relator failed to exhaust a plain and adequate remedy at law that bars this mandamus action. Moreover, if the common pleas court had affirmed the SPBR decision, relator would have had an appeal as of right to this court. See Gallagher v. Ross Cty. Sheriff, Franklin App. No. 06AP-942,2007-Ohio-847.
 {¶ 39} It is not the duty of this court here to determine the probable outcome of an appeal to common pleas court or a further appeal to this court. Foregoing the court appeal was relator's choice. He cannot thereby place this court in a position of having to determine in mandamus whether the SPBR's decision is legally sound.
 {¶ 40} Had relator appealed the SPBR's decision to common pleas court and the common pleas court's decision had upheld the SPBR's decision, relator's appeal as of right to this court would have established the law of the case which would be binding on this court in mandamus in the event that this court had affirmed the common pleas court's decision. However, because relator failed to pursue an adequate remedy at law by way *Page 12 
of an appeal to common pleas court, relator has not established the law of his case as to whether SPBR has jurisdiction over his appeal.
 {¶ 41} Respondent relies on State ex rel. Weiss v. Indus. Comm.
(1992), 65 Ohio St.3d 470, to support its position that an R.C. 119.12
appeal to common pleas court constitutes an adequate remedy at law that bars this mandamus action.
 {¶ 42} In Weiss, the court denied a writ of mandamus to the relator, Carol W. Weiss, on grounds that an adequate remedy existed. Weiss had brought four separate appeals before the SPBR in a short period of time. Rather than consolidate the four appeals, SPBR determined only the appeal that solely challenged Weiss's reclassification. In that appeal, SPBR held that it lacked jurisdiction to declare whether the reclassification was lawful. Weiss appealed the SPBR decision to the common pleas court. The SPBR then stayed consideration of Weiss's three other appeals pending the common pleas court decision. Weiss then filed her mandamus action seeking an order that she be reinstated to the position from which she had been removed following her reclassification.
 {¶ 43} The Weiss court states:
 Against this backdrop, Weiss argues her lack of an adequate remedy. Apparently, she has decided to concede that SPBR has no jurisdiction over her appeal, without completing the appeal process she has begun. Her decision, however, does not make this process unavailable or inadequate. * * *
Id. at 474.
 {¶ 44} In its final paragraph, the court's opinion in Weiss states: "[W]e hold that Weiss has an adequate remedy in the ordinary course of law by way of appeal." Id. at 477. *Page 13 
 {¶ 45} In Weiss, the incompleted SPBR appeal process provided Weiss with an adequate remedy that barred relief in mandamus. However, the adequate remedy that barred relief in the Weiss case was not, as respondent claims here, a right to appeal under R.C. 119.12 to the common pleas court. Nevertheless, the Weiss case can be cited as an example of the court's application of the principle that a writ of mandamus cannot issue when there exists a plain and adequate remedy at law.
 {¶ 46} Accordingly, for all the above reasons, it is the magistrate's decision that this court grant respondent's motion for summary judgment. *Page 1