[Cite as *Buga v. Lorain*, 2016-Ohio-3101.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

LOUIS BUGA, et al.

    Appellants

    v.

CITY OF LORAIN

    Appellee

C.A. No.    15CA010752

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13CV181973

DECISION AND JOURNAL ENTRY

Dated: May 23, 2016

SCHAFER, Judge.

{¶1} Plaintiffs-Appellants, Louis Buga and David Pangersis, appeal the judgment of the Lorain County Court of Common Pleas granting summary judgment to Defendant-Appellee, the City of Lorain, on their claims for mandamus relief, wrongful termination, and promissory estoppel. For the reasons that follow, this Court reverses the trial court's judgment and remands the matter for further proceedings.

I.

{¶2} Appellants' claims arise from their previous employment with the City of Lorain, during which both Buga and Pangersis were members of the United Steel Workers of America, Local 662. The City hired Pangersis as a laborer on January 14, 2013 and Buga as a utility worker on March 7, 2013. When Appellants were hired, a collective bargaining agreement between the City and the Union (the "CBA") was in effect. Article 9 of the CBA included the following relevant provisions regarding probationary periods:

**Section 19.** The probationary period for original appointments shall be one year. An employee serving their [sic] original probationary period may be terminated at any time and for any reason allowed by law without right of appeal through the grievance procedure contained in this Agreement. A probationary employee shall not have seniority. However, once such employee completes his probationary period, he shall be credited with seniority from his date of hire.

**Section 20.** The probationary period for promotional appointments and transfers to other bargaining unit positions via the job posting procedures contained in this [A]greement shall be sixty (60) days.[1]

{¶3} Within one year of their hire dates, both Buga and Pangersis were transferred to different positions with different rates of pay. When they received their subsequent positions after their original appointments, the City gave them letters stating that they were now subject to a 60-day probationary period. Nevertheless, the City terminated Buga on June 19, 2013 and Pangersis on November 12, 2013. Appellants' termination dates were within one year after their hire dates but more than 60 days after receiving letters from the City indicating that they were subject to 60-day probationary periods. Article 12, Section 6 of the CBA provides that "[t]he grievance procedure set forth in this Agreement shall be the exclusive method of reviewing and settling grievances between the Employer and the Union and/or the Employer and Employee(s)." Further, if the grievance went before an arbitrator, the CBA provides that the arbitrator's decision "shall be final and binding upon the Employer, the Union, and all employees concerned." Despite the inclusion of these provisions regarding grievances in the CBA, neither Buga nor Pangersis filed a grievance contesting their terminations.

---

[1] This Court notes that the term, "original appointments," is not defined in the portions of the CBA included in the record. The language of Article 9, Sections 19 and 20 is accordingly imprecise as to whether an employee who is transferred within one year of his initial hire date is still subject to the one-year probationary period outlined in Section 19. Despite this imprecision in the language, the nature of the arguments on appeal makes it unnecessary for us to resolve this issue.

{¶4} Rather, Appellants filed separate actions seeking reinstatement and damages, which the trial court subsequently consolidated. In their second amended complaint, Appellants asserted three claims: (1) a request for a writ of mandamus directing the City to reinstate them pursuant to the terms of the CBA and the Ohio Administrative Code; (2) a claim for wrongful termination in violation of public policy as it is reflected in the Ohio Administrative Code; and (3) a claim for promissory estoppel asserting that they were entitled to seniority and reinstatement based on the letters they received from the City, which they alleged exempted them from the one-year probationary period and instead subjected them only to a 60-day probationary period.

{¶5} The parties filed cross-motions for summary judgment. The City relevantly argued that it was entitled to summary judgment since the trial court lacked jurisdiction over Appellants' claim. Its argument relied on Article 12, Section 6 of the CBA, which the City contended required Appellants to file a grievance before filing an action in the Court of Common Pleas, as well as its responses to discovery propounded by Appellants. According to the City, Appellants' failure to follow the grievance procedure deprived the trial court of jurisdiction over their claims. Appellants responded by arguing that the grievance procedure was futile, which allowed them to file their actions in the trial court. In support of their argument, Appellants pointed to the CBA's provision that an employee within his or her one-year probationary period "may be terminated at any time * * * without right of appeal through the grievance procedure contained in this Agreement." Appellants also attached an affidavit from the Union's president in which he attested that "[t]he grievance procedure, as outlined in the [CBA], was not available to either Pangersis or Buga in this matter."

**{¶6}** The trial court subsequently granted the City's motion on the basis of Appellants' failure to exhaust the grievance procedure:

> The court finds that at the time [Appellants] were terminated from employment by [the City, Appellants] were members of the Union and their job positions were positions within the Union. The court finds that the [CBA], in effect between [the City] and the Union at the time [Appellants] were terminated specifically addressed (1) termination of original appointees within one year of appointment, (2) the rights of Union employees who made job transfers and (3) final and binding arbitration of grievances. The court finds that [Appellants]' claims are based upon matters specifically provided for in the CBA and that [Appellants] did not grieve their terminations.
>
> Based upon the undisputed facts of this case, the court concludes that it lacks subject matter jurisdiction of [Appellants]' claims and therefore [the City] is entitled to judgment as a matter of law.

The trial court did not address the merits of the parties' other arguments for summary judgment.[2]

**{¶7}** Appellants filed this timely appeal, presenting three assignments of error for our review.

## II.

### Assignment of Error I

**The trial court committed prejudicial error when it granted the motion for summary judgment without summary judgment evidence demonstrating that the plaintiffs' claims were specifically provided for in the collective bargaining agreement.**

**{¶8}** In their first assignment of error, Appellants argue that the trial court erred in granting summary judgment to the City since it erroneously determined that there was no genuine issue of material fact as to whether Appellants had to first submit their claims through the CBA's grievance procedure before filing a judicial action. This Court agrees.

---

[2] Since the trial court did not address the other arguments asserted in the motions for summary judgment, this Court expresses no opinion on those issues.

## A. Summary Judgment Standard

{¶9} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in the favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶10} Summary judgment proceedings consist of a burden-shifting framework. To prevail on a motion for summary judgment, the party moving for summary judgment must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 283 (1996). Once a moving party satisfies this burden, the non-moving party may not rest upon the bare allegations or denials of the moving party's pleadings. Civ.R. 56(E). Rather, the non-moving party has the reciprocal burden of responding by setting forth specific facts demonstrating that a "genuine triable issue" remains for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

## B. CBA Grievance Procedures and Futility

{¶11} "[I]f the parties have entered into a [collective bargaining agreement] pursuant to R.C. Chapter 4117 that provides for a grievance procedure culminating in final and binding arbitration, the claimant's exclusive remedy is to file a grievance in accordance with the [collective bargaining agreement]." *Ryther v. Gahanna*, 10th Dist. Franklin No. 04AP-1220, 2005-Ohio-2670, ¶ 12. As a result, this Court has previously recognized that "'the grievance

procedure of a collective bargaining agreement must be exhausted as a prerequisite to any civil action against the employer.'" *Marusa v. Brunswick*, 9th Dist. Medina No. 04CA0038-M, 2005-Ohio-1135, ¶ 29, quoting *Kelly v. Cairns & Brothers, Inc.*, 89 Ohio App.3d 598, 607 (9th Dist.1993). Here, Appellants do not dispute that they failed to exhaust the grievance procedure set forth in the CBA. But, they dispute whether their failure to exhaust mandates the award of summary judgment in favor of the City.

**{¶12}** As Appellants correctly argue, the exhaustion doctrine is not absolute. *See Waliga v. Coventry Twp.*, 9th Dist. Summit No. 22015, 2004-Ohio-5683, ¶ 12 (noting that "two exceptions to [the exhaustion doctrine] exist"). For instance, "if resort to administrative remedies would be wholly futile, exhaustion is not required." *Karches v. Cincinnati*, 38 Ohio St.3d 12, 17 (1988). The Supreme Court of Ohio has described the futility exception as not requiring a litigant to take a "vain act" before initiating a judicial action. *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, ¶ 24. The Court has described such acts as follows:

> [A] "vain" act occurs when an administrative body lacks the authority to grant the relief sought; a vain act does not entail the petitioner's probability of receiving the remedy. The focus is on the *power* of the administrative body to afford the requested relief, and not on the happenstance of the relief being granted.

(Emphasis sic.) *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 115 (1990); *see also Rural Bldg. of Cincinnati, L.L.C. v. Evendale*, 1st Dist. Hamilton No. C-140404, 2015-Ohio-1614, ¶ 11 ("Futility in this context means not that the administrative agency would not grant the requested relief[.]"); *BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 813 (8th Dist.2000) (stating that futility exception "applies when it would be impracticable to pursue the administrative remedy * * * because the administrative entity lacks the authority to render relief.").

## C.  The City Has Not Established Its Entitlement to Summary Judgment

{¶13}  The City relies on Article 12, Section 6 of the CBA to show that there is no genuine issue of material fact that Appellants had to grieve their terminations through the CBA's grievance procedure before filing this action.  Although this provision supports the City's position since it states that the grievance procedure is the exclusive method to settle issues between the City and its employees, it is not the only relevant evidence in the record. Conversely, Article 9, Section 19 of the CBA allows the City to terminate a probationary employee within the first year of his hire date "without right of appeal through the grievance procedure contained in [the CBA]."  The record also includes the City's discovery responses to Appellants' interrogatories in which the City states that "[p]ursuant to Article 9 of the CBA, Section 19, [Appellants were] subject to termination for any reason within one year of [their] original appointment and *had no right to grieve [their] dismissal*."  (Emphasis added.)  Taking this evidence in the light most favorable to Appellants, this Court determines that the City has failed to carry its initial burden to establish the absence of a question of material fact on the issue of whether Appellants were required to file a grievance under the CBA before filing this action. Since the City failed to carry its initial summary judgment burden, the trial court erred by granting the City's motion for summary judgment.  *See Dresher*, 75 Ohio St.3d at 293 ("If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.").

{¶14}  The paradoxical nature of the City's argument bolsters our determination. Throughout the course of this litigation, the City has argued that the grievance procedure contained in Article 12 of the CBA was the exclusive means for Appellants to challenge their terminations while also admitting that probationary employees were prohibited from utilizing

that grievance procedure. Essentially, the City's argument has been that Appellants cannot seek a grievance under the CBA or obtain relief from the Lorain County Court of Common Pleas. This Court declines to adopt such a position.

{¶15} Accordingly, this Court sustains Appellants' first assignment of error.

### Assignment of Error II

**The trial court committed prejudicial error when it granted summary judgment and concluded that the trial court lacked subject matter jurisdiction as to plaintiffs' claims.**

{¶16} This Court's resolution of the first assignment of error renders Appellants' second assignment moot and this Court declines to address it. *See* App.R. 12(A)(1)(c).

### Assignment of Error III

**The trial court committed prejudicial error when it denied the motion for summary judgment filed [by] plaintiffs in this matter.**

{¶17} In their third assignment of error, Appellants argue that the trial court erred by denying their motion for partial summary judgment on the issue of the City's liability. However, based on its erroneous granting of summary judgment to the City and determination that it lacked jurisdiction, the trial court never addressed Appellants' motion for summary judgment. As a result, there is no judgment regarding Appellants' motion for us to review and this Court declines to address the third assignment of error.

### III.

{¶18} This Court sustains Appellants' first assignment of error and declines to address the second and third assignments of error. Accordingly, this Court reverses the judgment of the Lorain County Court of Common Pleas and remands this matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶19} I concur in the judgment, and most of the majority's discussion. However, I do not concur in the majority's first footnote, as the issue of whether the employees were still subject to the one-year probationary period is the very question that we conclude, in paragraph thirteen, precluded summary judgment.

{¶20} Further, I would not include the discussion of futility as contained in paragraph twelve. As the City failed to meet its initial burden of demonstrating that the employees were subject to the grievance procedure, there is no need to engage in a discussion as to whether pursuing the grievance procedure would have been futile. Accordingly, paragraph twelve is purely advisory, and I would refrain from such a discussion.

HENSAL, P. J.
DISSENTING.

{¶21} I respectfully dissent as I believe the trial court correctly concluded that Mr. Buga and Mr. Pangersis were required to grieve their terminations. The collective bargaining agreement (CBA) provides that the grievance procedure is the "exclusive method of reviewing and settling grievances between * * * the Employer and an Employee(s)." It defines "grievance" as "a violation or violations of, breach, misinterpretation, improper application of, or non-compliance with the provisions of this Agreement." According to Mr. Buga and Mr. Pangersis, when the City transferred them to a different position, their original one-year probation period ended and they became subject to a new sixty-day probation period, which they completed. In its discharge letters, however, the City claimed that they were still within their original one-year probationary period. In their complaint, Mr. Buga and Mr. Pangersis alleged that the City was required to demote them back to their old positions instead of terminating them for their alleged unsatisfactory performance. The essence of their claims, therefore, is that the City misinterpreted or improperly applied the provisions of the CBA. Accordingly, their claims are "grievances" under the plain language of the CBA.

{¶22} I do not agree that the City failed to carry its initial summary judgment burden. Although we are required to view the evidence in a light most favorable to Mr. Buga and Mr.

Pangersis, that requirement does not apply to questions of law. "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.*, 15 Ohio St.3d 321, 322 (1984). Here, the definition of "grievance" is broad and unambiguous. Mr. Buga and Mr. Pangersis believe the City incorrectly held them to a one-year probation period instead of a sixty-day period. There is no genuine issue of material fact that they were required to grieve that issue pursuant to the CBA before filing suit. Accordingly, I would affirm the decision of the common pleas court.

APPEARANCES:

JOHN J. GILL, Attorney at Law, for Appellant.

PATRICK D. RILEY, Attorney at Law, for Appellee.