THE STATE, EX REL. NAPIER, APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Napier, *v.* Indus. Comm. (1990), 52 Ohio St. 3d 82.]

(No. 89-146 — Submitted April 10, 1990 — Decided June 27, 1990.)

*Spitler & Williams-Young Co., L.P.A., Steven M. Spitler* and *Susan E. Byrne*, for appellee.

*Anthony J. Celebrezze, Jr.*, attorney general, *Michael L. Squillace* and *Teresa Oglesby McIntyre*, for appellant Industrial Commission.

*Szczepaniak, Hoffer & Kaczala* and *Richard J. Szczepaniak*, for appellant D&R Machinery Company.

*Per Curiam.* A writ of mandamus will not issue where the relator has a plain and adequate remedy in the ordinary course of the law. *State, ex rel. Berger*, v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225.

Administrative rehearing is an adequate remedy. See *Kaufman* v. *Newburgh Heights* (1971), 26 Ohio St. 2d 217, 55 O.O. 2d 462, 271 N.E. 2d 280. Under Ohio Adm. Code 4121-3-20 (G)(1)(a) and (b), a party may request a VSSR rehearing within thirty days after the initial order's receipt if relevant new evidence is submitted or the initial order was based on an obvious mistake of fact. Because appellee did not pursue this remedy, mandamus is unavailable.

We recognize that mandamus relief was granted in *State, ex rel. Cotterman*, v. *St. Marys Foundry* (1989), 46 Ohio St. 3d 42, 544 N.E. 2d 887, despite the failure to seek a VSSR rehearing. That case, however, is distinguishable from that at bar. Unlike *Cotterman*, appellee has not shown that a VSSR rehearing was either inadequate or unavailable. In *Cotterman*, the record did not show that the claimant could have satisfied Ohio Adm. Code 4121-3-20(G)(1)'s prerequisites. Here, the record shows that the initial order could have been based on an obvious mistake of fact, *i.e.*, that appellee had failed to cite a specific VSSR. For this reason we are not persuaded that appellee was without an adequate remedy at law.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.