DECISION
{¶ 1} This original action in mandamus has been referred to a magistrate who has rendered a decision finding that the requested writ should be denied for the reason that relator failed to pursue an available administrative appeal which was a plain and *Page 2 
adequate remedy. (Attached as Appendix A.) No objections were filed to the magistrate's decision.
 {¶ 2} Relator seeks a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator's motion for recalculation of her average weekly wage ("AWW") and to enter a new order properly calculating her AWW.
 {¶ 3} On November 5, 2004, the Ohio Bureau of Workers' Compensation ("bureau") calculated relator's AWW at $483.56 while granting her temporary total disability ("TTD") compensation. Relator appealed the calculation of her AWW resulting in an order affirming the bureau's order. Relator made no further appeal.
 {¶ 4} However, on July 18, 2005, relator filed a motion requesting recalculation of her AWW. This motion was denied by a district hearing officer ("DHO"). Relator administratively appealed the order resulting in denial by a staff hearing officer ("SHO") who issued an order affirming the DHO's order and stating "a motion is not to be used as a substitute for an appeal." Relator appealed that order which was referred by an order of a different SHO.
 {¶ 5} Since relator failed to appeal the February 2, 2005 SHO order setting her AWW at $483.56, mandamus is not an available remedy.
 {¶ 6} Moreover, even though relator contends that her AWW should be $626 because her total wages were $45,087.32, she was advised by a bureau claims officer that the AWW is divided by 104 (a two-year period) and that the $45,087.32 relator utilized as her total wages would result in an AWW of about $433.40, which is less than *Page 3 
the $483.56 set by the orders. The difference appears to be that relator used a divisor of 72 (a period of one and one-half years), rather than the divisor of 104 utilized by the commission. Relator has raised no issue herein contending that she has a clear legal right to have her AWW determined by using a divisor of 72 nor that the bureau (and commission) acted contrary to law by using a divisor of 104 rather than one of 72 which was apparently used by relator in her determination that her AWW should be approximately $626.
 {¶ 7} Accordingly, after an independent review of the evidence, we conclude that relator has not demonstrated that she has a clear legal right to the requested writ of mandamus even if mandamus was not barred by her failure to pursue her available administrative remedies.
 {¶ 8} For the foregoing reasons, the magistrate's decision as amplified herein is adopted as that of the court and the requested writ of mandamus is denied.
Writ of mandamus denied.
BRYANT and McGRATH, JJ., concur.
 WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 4 
 (APPENDIX A) MAGISTRATE'S DECISION {¶ 9} In this original action, relator, Margaret R. Borchert, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate *Page 5 
its order denying her July 18, 2005 motion for a recalculation of her average weekly wage ("AWW") and to enter an order that recalculates her AWW.
Findings of Fact:
 {¶ 10} On May 31, 2004, relator sustained an industrial injury while employed with respondent Greenbrier Health Care Center ("employer"), a state-fund employer. The industrial claim is assigned claim number 04-836925.
 {¶ 11} On November 5, 2004, the Ohio Bureau of Workers' Compensation ("bureau") mailed an order granting temporary total disability ("TTD") compensation beginning June 24, 2004, and setting relator's full weekly wage ("FWW") at $627.35 and her AWW at $483.56.
 {¶ 12} The order concluded with a notice that the injured worker or the employer had 14 days from receipt of the order to file an appeal.
 {¶ 13} The employer administratively appealed the bureau's order.
 {¶ 14} Following a December 21, 2004 hearing, a district hearing officer ("DHO") issued an order affirming the bureau's order.
 {¶ 15} The employer administratively appealed the DHO's order of December 21, 2004.
 {¶ 16} Following a February 2, 2005 hearing, a staff hearing officer ("SHO") issued an order that vacates the DHO's order. The SHO's order of February 2, 2005, awards TTD compensation and states:
 The full weekly wage is set at $627.35 based on the Bureau of Workers' Compensation calculation on file. The average weekly wage is set at $483.56 based on earnings in the year *Page 6 
prior to injury (Bureau of Workers' Compensation calculation on file).
 {¶ 17} The employer filed an appeal from the SHO's order of February 2, 2005. Relator did not.
 {¶ 18} On February 18, 2005, another SHO mailed an order refusing the employer's administrative appeal.
 {¶ 19} On June 8, 2005, the office of relator's counsel transmitted the following e-mail message to a bureau claims representative: "Approx a month I [sic] ago I faxed over to you Wage information for calculating the AWW can this be reviewed?? The figure now, I believe is incorrect."
 {¶ 20} On July 13, 2005, the bureau claims representative replied by e-mail to the office of relator's counsel: "Wages are actually lower using wages you sent. We would total wages from 2003 and 2004 then divide by 104 weeks. You may want to file a motion to request higher wages and proof."
 {¶ 21} On July 18, 2005, relator filed a motion requesting "recalculation of AWW." In support of the motion, relator identified the following: "W2 from Patrician, Inc. for $23,129.12. W2 from ASNH, LLC for $10,303.17 and YTD paystub for period prior to date of injury for 11,655.03. Hence, $45,087.32/ 72 = $626.00 AWW."
 {¶ 22} The record contains a 2003 W-2 from Patrician, Inc., stating that relator's wages during the year were $23,129.12.
 {¶ 23} The record contains a 2003 W-2 from ASNH, LLC, stating that relator's wages during the year were $10,303.17. *Page 7 
 {¶ 24} The record contains a statement of earnings ("pay stub") from the employer dated June 3, 2004. The pay stub states that relator's year-to-date ("YTD") gross earnings were $14,980.09.
 {¶ 25} Following an August 24, 2005 hearing, a DHO issued an order denying relator's July 18, 2005 motion. The DHO's order explains:
 The issue of the claimant's full and average weekly wages is moot. This is based upon the 02/02/2005 Staff Hearing Officer order in which Mr. Gibbons set the full weekly wage at $627.35 and the average weekly wage at $483.56.
 {¶ 26} Relator administratively appealed the DHO's order of August 24, 2005.
 {¶ 27} Following an October 17, 2005 hearing, an SHO issued an order stating:
 The order of the District Hearing Officer, from the hearing dated 08/24/2005, is affirmed.
 Therefore, the C-86, filed 7-18-05, is denied.
 The Staff Hearing Officer affirms the average weekly wage at $483.56 as previously set by the Staff Hearing Officer order dated 2-2-05. A motion is not to be used as a substitute for an appeal.
 {¶ 28} On November 5, 2005, another SHO mailed an order refusing relator's administrative appeal from the SHO's order of October 17, 2005.
 {¶ 29} On January 25, 2006, relator, Margaret R. Borchert, filed this mandamus action.
Conclusions of Law:
 {¶ 30} Because relator failed to pursue an available administrative remedy, this action is barred. Accordingly, it is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below. *Page 8 
 {¶ 31} Relator failed to administratively appeal the order of the bureau and the orders of the DHO and SHO setting her AWW at $483.56. However, the employer did administratively appeal these orders apparently to challenge the award of TTD compensation.
 {¶ 32} The employer's administrative appeal to the commission from the SHO's order of February 2, 2005, was ultimately refused by another SHO who mailed his refusal order of February 18, 2005. As noted above, relator failed to file an administrative appeal from the SHO's order of February 2, 2005. Accordingly, we do not know whether the filing of an administrative appeal by relator from the SHO's order of February 2, 2005, would have resulted in an order refusing the appeal, as occurred with the employer's appeal.
 {¶ 33} R.C. 4123.511(E) provides:
 Upon the filing of a timely appeal of the order of the staff hearing officer issued under division (D) of this section, the commission or a designated staff hearing officer, on behalf of the commission, shall determine whether the commission will hear the appeal. If the commission or the designated staff hearing officer decides to hear the appeal, the commission or the designated staff hearing officer shall notify the parties and their respective representatives in writing of the time and place of the hearing. * * * If the commission or the designated staff hearing officer determines not to hear the appeal, within fourteen days after the filing of the notice of appeal, the commission or the designated staff hearing officer shall issue an order to that effect and notify the parties and their respective representatives in writing of that order.
 {¶ 34} That the hearing by the commission of an R.C. 4123.511(E) administrative appeal of an order of an SHO is discretionary does not render the pursuit of the appeal *Page 9 
any less an available administrative remedy. The failure to pursue the R.C. 4123.511(E) discretionary appeal is clearly a failure to pursue an available administrative remedy.
 {¶ 35} It is well settled that a writ of mandamus will not issue when relator has a plain and adequate remedy at law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. It is also well settled that the failure to pursue an adequate administrative remedy bars mandamus relief. State ex rel. Reeves v. Indus. Comm. (1990), 53 Ohio St.3d 212.
 {¶ 36} In the magistrate's view, this action is controlled by State ex rel. Buckley v. Indus. Comm., 100 Ohio St.3d 68, 2003-Ohio-5072. In Buckley, the claimant's AWW was set at $29.31 by an order of the bureau. The claimant failed to appeal the bureau's order. Later, the claimant moved to reset AWW under R.C. 4123.61's "special circumstances" provision. The commission denied the motion on res judicata grounds. In Buckley, the claimant then commenced a mandamus action in this court. This court denied the writ on grounds that the claimant's failure to appeal the bureau's order constituted a failure to pursue an available administrative remedy. This court's judg-ment was upheld by the Supreme Court of Ohio on the claimant's appeal as of right.
 {¶ 37} While relator asserts here that she asked the commission to exercise its continuing jurisdiction to correct the commission's setting of AWW, the stipulated record fails to show that relator actually asked the commission to exercise continuing jurisdiction or that relator identified any ground for the exercise of continuing jurisdiction. As previously noted, the July 18, 2005 motion requested "recalculation of AWW." *Page 10 
 {¶ 38} Given that the SHO's order of February 2, 2005 is a final commission order setting AWW, that order cannot be revisited by the commission absent grounds for the exercise of its R.C. 4123.52
continuing jurisdiction.
 {¶ 39} Continuing jurisdiction is not unlimited. Its prerequisites are: (1) new and changed circumstances; (2) fraud; (3) clear mistake of fact; (4) clear mistake of law; or (5) error by an inferior tribunal. State ex rel. Royal v. Indus. Comm. (2002), 95 Ohio St.3d 97, 99.
 {¶ 40} Here, relator claims that the SHO's order of February 2, 2005, setting AWW at $483.56 is based upon a clerical error. It has been held that the commission has continuing jurisdiction to correct a clerical error. State ex rel. Weimer v. Indus. Comm. (1980), 62 Ohio St.2d 159. The Weimer court held that the clerical error was a mistake of fact. In Weimer, the clerical error was an overpayment of compensation in an industrial claim which the commission recouped by deducting amounts from future payments.
 {¶ 41} Here, relator did not show the existence of a clerical error on the part of the bureau or the commission in the setting of AWW. That is, there is no evidence in the stipulated record before this court indicating that the bureau or the commission miscalculated relator's AWW based upon the evidence that was before the bureau and the commission at the time that AWW was finally set at $483.56. The evidence here is that relator's motion requested a recalculation of AWW based upon the documents submitted in support of the motion. That relator feels that a higher AWW can be justified by the documents presented, does not show that the bureau or commission committed a clerical error. *Page 11 
 {¶ 42} Moreover, even if relator did request that the commission exercise its continuing jurisdiction due to a clerical error, that would not alter the fact that relator failed to pursue an adequate administrative remedy that bars mandamus relief. Relator cannot eradicate her failure to pursue an adequate administrative remedy by filing a subsequent motion seeking the commission's exercise of continuing jurisdiction. See State ex rel. Alleyne v. Indus. Comm., Franklin App. No. 03AP-811, 2004-Ohio-4223.
 {¶ 43} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. *Page 1