[Cite as *State ex rel. O'Brien & Assocs., Co. L.P.A. v. Tyack*, 2014-Ohio-3048.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Kevin O'Brien & Associates Co., L.P.A., Columbus Checkcashers, Inc., and Checks 2 Cash, Inc., | : | |
| Relators, | : | |
| v. | : | No. 13AP-1099 |
| [The Honorable] Judge David B. Tyack and Lori M. Tyack, Clerk Franklin County Municipal Court, | : | (REGULAR CALENDAR) |
| Respondents. | : | |

---

# D E C I S I O N

### Rendered on July 10, 2014

---

*Kevin O'Brien & Assoc. Co., L.P.A.,* and *Kevin O'Brien,* for relators.

*Richard C. Pfeiffer, Jr.,* City Attorney, and *Westley M. Phillips,* for respondents.

---

### IN MANDAMUS

BROWN, J.

{¶ 1} Relators, Kevin O'Brien & Associates Co., L.P.A., Columbus Checkcashers, Inc., and Checks 2 Cash, Inc., have filed an original action requesting that this court issue a writ of mandamus against respondents, the Honorable David B. Tyack, a judge of the Franklin County Municipal Court, and Lori M. Tyack, Clerk of the Franklin County Municipal Court.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. On January 24, 2014, respondents filed a motion for summary judgment pursuant to Civ.R. 56. On February 5, 2014, relators filed a memorandum contra respondents' motion for summary judgment. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending that this court grant respondents' motion for summary judgment. No objections have been filed to that decision.

{¶ 3} Based upon an independent review of the evidence and finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's recommendation, respondents' motion for summary judgment is granted, and relators' request for a writ of mandamus is denied.

*Motion for summary judgment granted;*
*writ of mandamus denied.*

KLATT and DORRIAN, JJ., concur.

_____

[Cite as *State ex rel. O'Brien & Assocs., Co. L.P.A. v. Tyack*, 2014-Ohio-3048.]

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Kevin O'Brien & Associates Co., :
L.P.A., Columbus Checkcashers, Inc., and
Checks 2 Cash, Inc., :

      Relators, :

v. : No. 13AP-1099

[The Honorable] Judge David B. Tyack : (REGULAR CALENDAR)
and Lori M. Tyack, Clerk Franklin
County Municipal Court, :

      Respondents. :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on April 22, 2014

---

*Kevin O'Brien & Assoc. Co. L.P.A.,* and *Kevin O'Brien*, for
relators.

*Richard C. Pfeiffer, Jr.,* City Attorney, and *Westley M.
Phillips,* for respondents.

---

IN MANDAMUS
ON RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

{¶ 4} In this original action, relators Kevin O'Brien and Associates Co. L.P.A.,
Columbus Checkcashers, Inc. and Checks 2 Cash, Inc., request that a writ of mandamus
issue against respondents the Honorable David B. Tyack, a judge of the Franklin County
Municipal Court, and Lori M. Tyack, the Clerk of the Franklin County Municipal Court.

Findings of Fact:

{¶ 5}   1. On December 31, 2013, relators filed this mandamus action against respondents.

{¶ 6}   2. On January 21, 2014, respondents filed their answer to the complaint.

{¶ 7}   3. On January 24, 2014, respondents moved for summary judgment. Respondents also filed a memorandum in support.

{¶ 8}   4. In support of their motion, respondents submitted the affidavit of Westley Phillips who is an assistant city attorney employed by the city of Columbus, Ohio.  His affidavit was executed January 23, 2014.  Phillips represented respondents in an earlier original action filed by the instant relators in the Supreme Court of Ohio. That action involved the same parties as the instant action and was assigned Supreme Court Case No. 2013-0156.

{¶ 9}   5. In his affidavit, Phillips states that he has copied court documents from the Supreme Court's website regarding Case No. 2013-0156.  By his affidavit, Phillips submits the following exhibits from the Supreme Court's online docket:

| Exhibit No. | Description |
| --- | --- |
| One | Supreme Court of Ohio Case Information (online-docket) regarding Case No. 2013-0156. |
| Two | Complaint For Writ of Mandamus. (Filed January 25, 2013.) |
| Three | Respondent Lori M. Tyack's motion to dismiss. (Filed February 7, 2013.) |
| Four | Respondent Judge David Tyack's motion to dismiss. (Filed February 13, 2013.) |
| Five | Motion for leave to file amended complaint in mandamus instanter. (Filed June 12, 2013.) |
| Six | First amended complaint for Writ of Mandamus. (Filed June 12, 2013.) |
| Seven | Relators' memorandum contra respondents' motion to dismiss. (Filed June 18, 2013.) |
| Eight | An "Entry" signed by Chief Justice Maureen O'Connor. (Filed September 4, 2013.) |

{¶ 10} 6. In their motions to dismiss filed in the Supreme Court, respondents argued that the complaint failed to state a claim upon which relief can be granted. Also, respondents pointed out that the complaint failed to bring the action in the name of the state on the relation of relators.

{¶ 11} 7. The first amended complaint that accompanied relators' June 12, 2013 motion for leave to file the same appropriately brings the action in the name of the state on the relation of relators.

{¶ 12} 8. In their memorandum contra respondents' motion to dismiss, relators argue that the first amended complaint is not facially defective and that it does state a claim upon which relief in mandamus can be granted.

{¶ 13} 9. The "Entry" signed by the Chief Justice and filed September 4, 2013 states:

> This cause originated in this court on the filing of a complaint for a writ of mandamus.
>
> Upon consideration of relator's [sic] motion for leave to file an amended complaint in mandamus and respondents' motions to dismiss, it is ordered by the court that the motion for leave to file an amended complaint and the motions to dismiss are granted. Accordingly, this cause is dismissed.

{¶ 14} 10. On January 30, 2014, the magistrate here issued a notice of summary judgment hearing. The notice stated that the motion for summary judgment is set for submission to the magistrate on February 20, 2014.

{¶ 15} 11. On February 5, 2014, relators filed their memorandum contra respondents' motion for summary judgment.

{¶ 16} 12. On February 6, 2014, respondents filed a reply.

Conclusions of Law:

{¶ 17} Apparently, relators failed to move for reconsideration of the September 4, 2013 Supreme Court entry that granted the motions to dismiss. Because a motion for reconsideration under S.Ct.Prac.R. 18.02 provided relators an adequate remedy that relators failed to pursue, relators cannot maintain the instant mandamus action which presents essentially the same cause of action dismissed by entry of the Supreme Court.

{¶ 18} Accordingly, it is the magistrate's decision that this court deny relators' request for a writ of mandamus, as more fully explained below.

S.Ct.Prac.R. 18.02, effective January 1, 2013, provides:

**(A) Time to file**

Except as provided in S.Ct.Prac.R. 12.08(B), any motion for reconsideration must be filed within ten days after the Supreme Court's judgment entry or order is filed with the Clerk of the Supreme Court.

**(B) Basis for filing**

A motion for reconsideration shall not constitute a reargument of the case and may be filed only
with respect to the following Supreme Court decisions:

(1) Refusal to accept a jurisdictional appeal;

(2) The sua sponte dismissal of a case;

(3) The granting of a motion to dismiss;
(4) A decision on the merits of a case.

{¶ 19} It can be noted that S.Ct.Prac.R. 18.02(B)(3) provides that a motion for reconsideration may be filed when the Supreme Court has granted a motion to dismiss. The September 4, 2013 "Entry" of the Supreme Court granted respondents' motions to dismiss, yet relators did not move for reconsideration. Thus, relators failed to exercise an adequate remedy that bars the instant mandamus action.

{¶ 20} In their memorandum in support of their motion for summary judgment, respondents argue that the doctrine of res judicata bars this action.

{¶ 21} In *State ex rel. Davis v. Pub. Emps. Retirement Bd.,* 120 Ohio St.3d 386, 2008-Ohio-6254, the court had occasion to succinctly set forth the law regarding the doctrine of res judicata. The *Davis* court states:

In Ohio, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp.,* 113 Ohio St.3d 59, 2007-Ohio-1102, 862 N.E.2d 803, ¶ 6. "[I]ssue preclusion, [or] collateral estoppel, holds that a fact or a point that was actually and directly at issue in a

previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd.* (1998), 81 Ohio St.3d 392, 395, 692 N.E.2d 140. "While the merger and bar aspects of *res judicata* have the effect of precluding the relitigation of the same cause of action, the collateral estoppel aspect precludes the relitigation, in a second action, of an issue that had been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." Id. Collateral estoppel "applies equally to administrative proceedings." *State ex rel. Kincaid v. Allen Refractories Co.,* 114 Ohio St.3d 129, 2007-Ohio-3758, 870 N.E.2d 701, ¶ 8.

"Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action." *Thompson v. Wing* (1994), 70 Ohio St.3d 176, 183, 637 N.E.2d 917.

*Id.* at ¶ 27-28.

{¶ 22} In their memorandum in support of their motion for summary judgment, respondents argue:

Res judicata bars Relators' action in the present case. A comparison of the complaint filed in this case and the matter litigated before the Ohio Supreme Court, a court of competent jurisdiction, reveals that the two cases are identical. The Ohio Supreme Court has already dismissed Relators' request for mandamus. Considering that the Supreme Court had granted Relators' motion to amend their complaint to correct procedural deficiencies, the only basis for the Supreme Court's decision was that Relators failed to meet the requisites for mandamus. Relators have filed the same complaint in this case and this action is barred by res judicata.

(Respondents' motion for summary judgment, 7.)

{¶ 23} In their memorandum contra the motion for summary judgment, relators counter:

> **Respondents have not, and can not, establish that the previous case filed by Relators is the subject of a final judgment on the merits.**
>
> **Although the Supreme Court did, in fact, dismiss the Relators' earlier mandamus action, it did so on procedural grounds, and not on the merits. The caption, or style, of the Relator's [sic] complaint in mandamus was, in fact, defective--a procedural issue, which was expressly raised by the Respondents in their Motion to Dismiss. In the Supreme Court's Entry of September 4, 2013, there is no discussion, whatsoever, about the merits of the Respondents' Motion to Dismiss. The Court simply dismissed the action without opinion. Accordingly, Relator's [sic] action is not barred by the doctrine of res judicata.**

(Emphasis sic.) (Relators' memo contra respondents' motion for summary judgment, 2-3.)

{¶ 24} The magistrate does not reach the issue of whether the doctrine of res judicata bars this action. Clearly, what bars this action is the adequate remedy that relators failed to exercise—a S.Ct.Prac.R. 18.02 motion for reconsideration.

{¶ 25} Mandamus will not lie where the relators have a plain and adequate remedy at law. *State ex rel. Berger v. McMonagle,* 6 Ohio St.3d 28 (1983). The failure to pursue an adequate administrative remedy bars mandamus. *State ex rel. Reeves v. Indus. Comm.,* 53 Ohio St.3d 212 (1990). *State ex rel. Napier v. Indus. Comm.,* 52 Ohio St.3d 82 (1990). *State ex rel. Bailey v. Indus. Comm.,* 62 Ohio St.3d 191 (1991).

{¶ 26} Accordingly, it is the magistrate's decision that this court grant respondents' motion for summary judgment.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

**Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).**