[Cite as *Ohio Academy of Nursing Homes, Inc. v. Ohio Dept. of Job & Family Servs.*, 2021-Ohio-1414.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Ohio Academy of Nursing Homes, Inc., et al., | : | |
| | : | |
| Relators-Appellants, | : | No. 20AP-172 |
| v. | | (C.P.C. No. 03CV-012970) |
| | : | |
| The Ohio Department of Job and Family Services et al., | | (REGULAR CALENDAR) |
| | : | |
| Respondents-Appellees. | : | |

---

D E C I S I O N

Rendered on April 22, 2021

---

**On brief:** *Webster & Associates, Co., LPA, Geoffrey E. Webster,* and *Mary L. Pisciotta*, for appellants. **Argued:** *Geoffrey E. Webster.*

**On brief:** *Dave Yost*, Attorney General, and *Rebecca L. Thomas*, for appellees. **Argued:** *Rebecca L. Thomas.*

---

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Relators-appellants, the Ohio Academy of Senior Health Sciences (f.k.a. the Ohio Academy of Nursing Homes, Inc.), Arcadia Acres, Inc., Main Street Terrace Care Center, Inc., Spring Meadows Care Center, Woodstock Care Center, Inc., and Willowood Care Center of Brunswick, Inc., appeal from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of respondents-appellees, the Ohio Department of Medicaid and its director (collectively "ODM"), and denying appellants' summary judgment motion. For the following reasons, we affirm.

## I. Factual and Procedural Background

{¶ 2} This matter began over 17 years ago when appellants filed an action on November 25, 2003, against the Ohio Department of Job and Family Services and its director[1] alleging appellants' entitlement to immediate Medicaid reimbursement rate adjustments to cover appellants' increased workers' compensation costs.

{¶ 3} ODM reimburses participating nursing homes and other facilities through the Medicaid program for reasonable costs of services provided. *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.*, 114 Ohio St.3d 14, 2007-Ohio-2620, ¶ 2 ("*Ohio Academy of Nursing Homes* Oh.Sup.Ct. 2007 Decision"). At all times relevant to this appeal, ODM used a prospective payment system whereby it reimbursed facilities using a per diem rate calculated based on the actual costs, including the premiums paid to the Ohio Bureau of Workers' Compensation ("BWC"), incurred by the facilities for a prior period. *Id.* at ¶ 2-3. In view of this prospective system, providers were not reimbursed for increased workers' compensation costs in the initial year they were incurred. *Id.* at ¶ 4. For several years before 2003, the BWC reduced employers' premiums by about 75 percent under R.C. 4123.32. *Id.* at ¶ 3. Then, in May 2003, the BWC informed employers of the decision to eliminate the premium reductions and require employers to pay the full premiums beginning on July 1, 2003. *Id.* Based on that change, in June and July 2003, appellants requested immediate Medicaid rate adjustments pursuant to R.C. 5111.27(F) and Ohio Adm.Code 5101:3-3-24.1. In August 2003, a bureau chief for ODM sent a letter to appellants' counsel informing him of ODM's denial of the rate adjustment requests. Three months later, appellants initiated this lawsuit.

{¶ 4} Appellants' second amended complaint sought declaratory and injunctive relief, and, alternatively, "a writ of mandamus * * * directing and ordering the Defendants to comply with the pertinent provisions of R.C. Chapter 5111 and the rates be recalculated and paid in an amount and manner in compliance with such laws." (Nov. 30, 2004 Am.

---

[1] In 2013, ODM succeeded the Ohio Department of Job and Family Services as the state agency responsible for the administration of Ohio's Medicaid program. R.C. 5162.03; *see* R.C. 5160.011 ("References to the * * * department or director of job and family services * * * in any statute, rule, contract, grant, or other document is deemed to refer to the department of medicaid or medicaid director, as the case may be, to the extent the reference is about a duty or authority of the department of medicaid or medicaid director regarding a medical assistance program."). Therefore, all references to these predecessor parties will be to ODM.

Compl. at 14.)  ODM moved to dismiss pursuant to Civ.R. 12(B)(1), which the trial court granted.

{¶ 5}  On appeal, this court determined that "[b]ecause appellants' mandamus action seeks a specific order directing [ODM] to perform a legal duty, the common pleas court has subject matter jurisdiction." *Ohio Academy of Nursing Homes v. Ohio Dept. of Job & Family Servs.,* 164 Ohio App.3d 808, 2005-Ohio-6888, ¶ 16 (10th Dist.).  Based on appellants' requested relief, this court held appellants must pursue mandamus relief through a two-step process.  First, appellants must seek a writ ordering ODM to exercise its discretion to determine whether a rate adjustment is appropriate.  In reviewing such a writ, the court must determine if the necessary predicate to ODM's exercise of discretion exists.  If that writ is appropriate, "the court will issue the writ to compel [ODM] to exercise its discretion and determine whether appellants are entitled to a rate adjustment.  Such a writ would not, however, award the relief appellants sought below-a calculation and award of money damages; and if the necessary predicate is lacking, the court will deny the writ altogether."  *Id.* at ¶ 19.  A challenge to the exercise of that discretion to determine the amount of any rate adjustment would be pursued in a second writ of mandamus.  *Id.* at ¶ 20.

{¶ 6}  The Supreme Court of Ohio affirmed, agreeing that "appellants must seek mandamus relief through a two-step process," and holding that "when a state agency's decision is discretionary and by statute not subject to appeal, an action in mandamus is the sole avenue of relief available to a party challenging the agency's decision."  *Ohio Academy of Nursing Homes* Oh.Sup.Ct. 2007 Decision at ¶ 32.  On the "primary issue" before it, the court "fully agree[d]" that "[r]elief through a mandamus action is the sole remedy available to appellants."  *Id.* at ¶ 21.

{¶ 7}  Pursuant to the Supreme Court's decision, appellants amended their complaint in September 2007, seeking two writs of mandamus.  Appellants first sought a writ requiring ODM to consider whether to approve Medicaid reimbursement to appellants for increased reasonable costs of services provided based on the increase in BWC premiums.  Secondly, appellants sought a writ requiring ODM to pay to appellants adjusted reimbursement rates.

{¶ 8} On February 15, 2008, appellants moved for partial summary judgment, arguing they were entitled to the first writ of mandamus because the record demonstrated ODM had a clear legal duty to consider the BWC decision to increase premiums to be a government mandate under the applicable law and to process the rate adjustment request based on that circumstance. Two weeks later, ODM moved for summary judgment on all claims.

{¶ 9} In March 2008, appellants filed a request for a trial by jury. The same month, appellants took the depositions of five employees of ODM and one employee of BWC. Disputes arose regarding the questioning at the depositions, with counsel for ODM instructing witnesses not to answer numerous questions based on the work-product doctrine or attorney-client privilege. Appellants filed motions to compel responses to the questions and for sanctions on March 19 and 25, 2008. Appellants also moved to stay additional briefing on the summary judgment motions until the trial court ruled on the discovery related disputes. In April 2008, the trial court granted this request pursuant to Civ.R. 56(F).

{¶ 10} Nearly eight years later, in January 2016, the trial court granted appellants' motions to compel, but it delayed resolution of the sanctions requests until the conclusion of discovery. ODM appealed. As to these discovery disputes, this court affirmed in part and reversed in part. *State ex rel. Ohio Academy of Nursing Homes, Inc. v. Ohio Dept. of Medicaid*, 10th Dist. No. 16AP-102, 2017-Ohio-8000.

{¶ 11} On remand, the parties completed their briefing on the pending summary judgment motions. Appellants also filed a motion to compel the resumption of depositions and the production of certain documents. The trial court granted this motion to compel in part and denied it in part. On March 4, 2020, the trial court granted ODM's summary judgment motion and denied appellants' summary judgment motion. In the trial court's entry awarding summary judgment in favor of ODM, it also denied the requests for sanctions and ruled that all other pending motions were moot.

{¶ 12} Appellants timely appeal.

## II.  Assignments of Error

{¶ 13} Appellants assign the following errors for our review:

[1.] The lower court's determination that the BWC did not enact or amend a policy is, as a matter of law, reversible error.

[2.] The appropriate legal standard was not applied. The lower court erred in not finding a material issue of fact and denying summary judgment to [appellants].

[3.] It was error to grant the ODM's Summary Judgment Motion and deny [appellants'] Motion where there was no evidence ODM took action to exercise its discretion to determine whether there was a government mandate.

[4.] The lower court erred in not granting, considering or discussing [appellants'] motion for partial summary judgment.

[5.] The lower court erred in denying [appellants'] motion to compel deposition resumption of Saxe, Valentino and Weibl (nka, O'Brien).

[6.] The lower court erred in declaring moot all pending motions.

## III.  Discussion

{¶ 14} Appellants' first, second, third, and fourth assignments of error challenge the trial court's disposition of the parties' summary judgment motions.  In their first assignment of error, appellants assert the trial court erred in granting ODM's summary judgment motion based on its determination that because the BWC did not enact or amend a policy appellants were not entitled to the requested rate adjustment.  Their second assignment of error alleges the trial court did not apply the appropriate legal standard in reviewing the parties' motions for summary judgment.  Their third assignment of error contends the summary judgment ruling was erroneous because there was no evidence ODM exercised its discretion to determine whether there was a government mandate.  And in appellants' fourth assignment of error, they argue the trial court erred in not adequately considering or granting its summary judgment motion.  These four assignments of error lack merit.

{¶ 15} Taken together, appellants' first four assignments of error present the issue of whether the trial court erred in granting ODM's summary judgment motion and denying appellants' summary judgment motion. We review the granting of summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 16} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C) affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 17} In this matter, appellants seek writs of mandamus directing ODM to duly exercise its discretion to determine first whether, and then to what extent, increased Medicaid reimbursements to appellants were appropriate for the pertinent time period based on the increase in BWC premiums. For a writ of mandamus to issue, the relator must demonstrate (1) that relator has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts requested, and (3) that relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 18} The trial court found that appellants are not entitled to a writ of mandamus because they failed to show a clear legal right to the requested relief. Appellants challenge this finding. We do not reach this issue, however, because we find appellants are not entitled the requested writ of mandamus for a different reason. This court may affirm a grant of summary judgment on a different basis than that used by the trial court. *Henry v. Kohl's Dept. Stores, Inc.*, 11th Dist. No. 2018-L-113, 2019-Ohio-2094, ¶ 51; *see Newcomb v. Dredge*, 105 Ohio App. 417, 424 (2d Dist.1957) ("It is the duty of the reviewing court to affirm the judgment if it can be supported on any theory, although a different theory from that of the trial court.").

{¶ 19} We find appellants fail to meet the third requirement for a writ of mandamus to issue—no plain and adequate remedy in the ordinary course of law—because they did not pursue an available adequate administrative remedy. It is "well settled that the failure to pursue an adequate administrative remedy bars mandamus relief." *State ex rel. Borchert v. Greenbriar Health Care Ctr.*, 10th Dist. No. 06AP-88, 2007-Ohio-940, ¶ 35, citing *State ex rel. Reeves v. Indus. Comm.*, 53 Ohio St.3d 212 (1990); *State ex rel. Berger*, 6 Ohio St.3d 28; *State ex rel. Kevin O'Brien & Assocs. Co., L.P.A. v. Tyack*, 10th Dist. No. 13AP-1099, 2014-Ohio-3048. *See State ex rel. Harson Invests., Ltd. v. Troy*, 2d Dist. No. 2017-CA-22, 2018-Ohio-2748, ¶ 15 ("[t]ypically, parties must exhaust administrative remedies before seeking mandamus relief"). Consequently, when an adequate remedy at law existed, but was not pursued, mandamus relief is inappropriate. *State ex rel. Evans v. Garfield-Indecon Elec. Serv. & Indus. Comm. of Ohio*, 10th Dist. No. 10AP-700, 2011-Ohio-5763, ¶ 8. The failure to exhaust administrative remedies is an affirmative defense, but if the facts are undisputed it constitutes a question of law that is reviewed de novo. *Clagg v. Baycliffs Corp.*, 82 Ohio St.3d 277 (1998); *see San Allen v. Buehrer*, 8th Dist. No. 99786, 2014-Ohio-2071, ¶ 63 (reviewing de novo whether there had been an exhaustion of administrative remedies). Exceptions to this exhaustion requirement have been found when no administrative remedy is available that can provide the requested relief and resorting to the remedy would be "wholly futile," or "when the available remedy is onerous or unusually expensive." (Citation omitted.) *State ex rel. Harson Invests., Ltd.* at ¶ 17; *see State ex rel. Cotterman*, 46 Ohio St.3d 42, 44 (1989) ("a person need not pursue administrative remedies if such an act would be futile").

{¶ 20} Here, the record demonstrates appellants did not exhaust an adequate administrative remedy. After being notified in May 2003 of the BWC's decision to no longer provide premium discounts, appellants requested immediate Medicaid rate adjustments pursuant to former R.C. 5111.27(F) and Ohio Adm.Code 5101:3-3-24.1. On August 25, 2003, Harry Saxe, the Chief of ODM's Bureau of Long Term Care Facilities, Office of Ohio Health Plans, sent a letter to appellants' counsel notifying him that ODM was denying appellants' request for rate adjustments. To conclude the letter, Saxe stated that ODM's decision was not subject to appeal pursuant to Chapter 119, but that appellants could request reconsideration by ODM's director pursuant to Ohio Adm.Code 5101:3-3-24.1. This rule, which was rescinded in 2007, stated in pertinent part: "The decision of [ODM] in response to a request for rate adjustment is subject to appeal to the director of [ODM] within thirty days of notification to the provider or group of provider's [sic] of the decision made by [ODM]. The decision of [ODM] is not subject to appeal pursuant to Chapter 119. of the Revised Code." Former Ohio Adm.Code 5101:3-3-24.1(D) (2003). Thus, appellants could have appealed, within 30 days from notification of the rate adjustment denial, to the ODM director. But they did not avail themselves of this opportunity.

{¶ 21} Appellants do not dispute that they did not appeal ODM's August 25, 2003 rate adjustment denial to the director of ODM. Appellants contend any appeal to the ODM director would have been futile and was not adequate because it was not through the judicial process. They also argue the Supreme Court of Ohio resolved the adequate remedy issue in its 2007 decision regarding this matter.

{¶ 22} We first reject appellants' argument that the Supreme Court of Ohio resolved the adequate remedy issue in its 2007 decision. Appellants suggest the only issue left to decide after that decision was whether the BWC's rate adjustment in 2003 constituted a government mandate, thus requiring an immediate adjustment of Medicaid reimbursement rates. We disagree. The issue before the Supreme Court was "the nature of relief that is available when nursing homes and their trade association seek to challenge a state agency's denial of requests for reconsideration of Medicaid reimbursement rates." *Ohio Academy of Nursing Homes* Oh.Sup.Ct. 2007 Decision at ¶ 1. In holding that the "exclusive avenue of relief available to the nursing homes is to pursue a writ of mandamus," the court did not address or resolve the issue of whether any of the requirements necessary

for a writ to issue were established. *See generally id.* Thus, the issue of whether appellants met the no adequate remedy requirement was left unresolved at that procedural juncture.

{¶ 23} In support of appellants' contention that an "adequate remedy at law" is only through the "judicial process," they cite *Ohio Hosp. Assn. v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 06AP-471, 2007-Ohio-1499. We are unpersuaded. In *Ohio Hosp. Assn.*, this court stated that the term " '[a]dequate remedy at law' contemplates a legal remedy undertaken through the judicial process." *Id.* at ¶ 31. Appellants argue this means an adequate remedy at law must be one available through the judicial process. They therefore reason that because an administrative appeal is not a judicial process, an appeal to the director was not an adequate remedy. But *Ohio Hosp. Assn.* did not hold that an adequate remedy at law only occurs via the judicial process. In that case, the reference to the judicial process was in the context of rejecting an assertion that requiring hospital providers to cancel contracts "to avoid the effects of the invalidly promulgated fee provisions would not constitute an adequate remedy at law." *Id.* at ¶ 31. Furthermore, appellants' contention is contrary to the well-settled general principle that failure to pursue an adequate administrative remedy bars mandamus relief. *See, e.g., State ex rel. Borchert, supra.*

{¶ 24} We also reject appellants' contention that an appeal to the director of ODM would have been "wholly futile." According to appellants, the director would have simply confirmed the earlier decision to deny the requested rate adjustment. Although futility is an exception to the exhaustion of administrative remedies requirement, "[a] party's speculation as to how his claim would be resolved is insufficient to overcome the requirement to exhaust administrative remedies." *State ex rel. Rennell v. Indus. Comm.*, 10th Dist. No. 07AP-67, 2007-Ohio-4597, ¶ 5. *See Reasoner v. Randle*, 4th Dist. No. 00CA2557, 2001 Ohio App. LEXIS 1672 (Jan. 11, 2001) (even when denial may be the likeliest outcome, this is not a sufficient basis for waiving the administrative remedy exhaustion requirement). "Futility in this context means not that the administrative agency would not grant the requested relief, but that the administrative agency lacks the authority or power to grant the relief sought." *Rural Bldg. of Cincinnati, LLC v. Village of Evendale*, 1st Dist. No. C-140404, 2015-Ohio-1614, ¶ 11, citing *Nemazee v. Mt. Sinai Med. Ctr.*, 56 Ohio St.3d 109, 115 (1990). Pursuant to former Ohio Adm.Code 5101:3-3-24.1, the director had the authority to review the appeal and decide the matter as he saw appropriate. And

appellants' speculative belief that the director would have agreed with the ODM bureau chief's decision did not make the appeal process "wholly futile."

{¶ 25} Alternatively, appellants argue ODM waived its exhaustion argument because it did not present evidence of an adequate remedy. We are unpersuaded. Insofar as appellants contend the adequate remedy issue was not contested in the trial court, we disagree. The parties briefed the issue in their summary judgment filings. Additionally, it was not necessary for ODM to submit evidence of the existence of an adequate remedy. As discussed above, the administrative rule in effect at the time ODM notified appellants of the rate adjustment denial, Ohio Adm.Code 5101:3-3-24.1, expressly provided that appellants could appeal, to ODM's director, the initial decision of ODM in response to a request for Medicaid rate adjustments. Pursuant to Civ.R. 44.1(A)(1), "[j]udicial notice shall be taken of the rules of the supreme court of this state and of the decisional, constitutional, and public statutory law of this state." Administrative rules "enacted pursuant to a specific grant of legislative authority" have the "force and effect of law." *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46 (1990), paragraph one of the syllabus. Thus, ODM was not required to submit evidence of the administrative rule that authorized an appeal to the director of the initial Medicaid rate adjustment denial.

{¶ 26} For these reasons, we find that appellants' failure to pursue an adequate administrative remedy bars the requested mandamus relief as a matter of law. Because the trial court properly granted ODM's summary judgment motion and denied appellants' summary judgment motion, we overrule appellants' first, second, third, and fourth assignments of error.

{¶ 27} Appellants' fifth assignment of error alleges the trial court erred in denying its motion to compel the resumption of depositions of certain individuals. Based on our disposition of appellants' first, second, third, and fourth assignments of error, its fifth assignment of error is moot.

{¶ 28} In its sixth assignment of error, appellants assert the trial court erred in declaring as moot all remaining pending motions based on its granting of summary judgment in favor of ODM. First, appellants suggest the trial court did not rule on the merits of their motions for sanctions. But the trial court expressly denied the pending motions for sanction in its March 4, 2020 decision and entry. Second, appellants assert

that their motions for a jury trial and to certify a class are not moot.  This assertion, however, is contingent on this court reversing the trial court's granting of ODM's summary judgment motion and remanding this matter.  Because we affirm the trial court's granting of summary judgment in favor of ODM, appellants' motions for a jury trial and to certify a class remain moot.

{¶ 29} Accordingly, we overrule appellants' sixth assignment of error.

## IV.  Disposition

{¶ 30} Having overruled appellants' first, second, third, fourth, and sixth assignments of error, and having found as moot appellants' fifth assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BROGAN, JJ., concur.

BROGAN, J., retired, formerly of the Second Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).